## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------------------------ x

MURPHY MEDICAL ASSOCIATES, LLC; DIAGNOS- :
TIC AND MEDICAL SPECIALISTS OF GREENWICH, :
LLC; NORTH STAMFORD MEDICAL ASSOCIATES, :
LLC; COASTAL CONNECTICUT MEDICAL GROUP, :      3:20-cv-01675-JBA
LLC; and STEVEN A.R. MURPHY, MD, :
                                :
            Plaintiffs, :
V. :
                                :
CIGNA HEALTH AND LIFE INSURANCE COMPANY :
and CONNECTICUT GENERAL LIFE INSURANCE :       August 5, 2021
COMPANY, :
                                :
            Defendants. :

------------------------------------------------------------------------ x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY

Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8200
Fax: (860) 275-8299

*Attorneys for Cigna Health And Life Insurance Company and Connecticut General Life Insurance Company*

*Of Counsel*:
Patrick W. Begos
Theodore J. Tucci
Milanna Datlow

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  INTRODUCTION ...................................................................................................... 1

II.  LEGAL STANDARD................................................................................................. 2

III.  ARGUMENT............................................................................................................. 3

    A.  Identification of Cigna Members, and Their Medical Records and Assign-
        ments ............................................................................................................. 3

    B.  Discovery Regarding Allegations in the Amended Complaint............................. 6

    C.  Plaintiffs Should Be Required to Produce "Remaining Documents" By a
        Date Certain ................................................................................................... 9

    D.  The Court Should Not Defer Decision on This Motion Unless It Stays All
        Discovery ....................................................................................................... 9

IV.  CONCLUSION........................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Barbara v. MarineMax, Inc.*,
  No. 12 Civ. 368, 2013 WL 1952308 (E.D.N.Y. May 10, 2013)................................................2

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) .......................................................................................................7

*Culkin v. Pitney Bowes, Inc.*,
  225 F.R.D. 69 (D. Conn. 2004)......................................................................................................2

*Endurance Am. Specialty Ins. Co. v. William Kramer & Assocs., LLC*,
  No. 3:18-CV-192, 2020 WL 6940761 (D. Conn. Mar. 30, 2020) ..............................................2

*Frost v. Am. Lung Ass'n of Cent. States*,
  No. CIV.A. H-09-310, 2009 WL 1636944 (S.D. Tex. June 11, 2009)........................................8

*Knapik v. Mary Hitchcock Mem'l Hosp.*,
  No. 5:12-CV-175, 2014 WL 12717392 (D. Vt. May 27, 2014) ..................................................2

*Lawrence v. City & Cty. of San Francisco*,
  No. 14-CV-00820-MEJ, 2015 WL 1093081 (N.D. Cal. Mar. 10, 2015)....................................7

*Lewis v. Baker*,
  526 F.2d 470 (2d Cir. 1975)...........................................................................................................9

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978).......................................................................................................................2

*State of N.Y. v. Cedar Park Concrete Corp.*,
  130 F.R.D. 16 (S.D.N.Y. 1990) .....................................................................................................7

*Tyson Foods, Inc. v. Bouaphakeo*,
  136 S. Ct. 1036 (2016)...................................................................................................................5

*United States CFTC v. Parnon Energy, Inc.*,
  593 Fed. Appx. 32 (2d Cir. 2014)..................................................................................................2

*United States ex rel. Crews v. NCS Healthcare of Illinois, Inc.*,
  460 F.3d 853 (7th Cir.2006) ..........................................................................................................5

*United States ex rel. El–Amin v. George Washington Univ.*,
  533 F.Supp.2d 12 (D.D.C.2008).....................................................................................................5

*United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
   498 F.Supp.2d 25 (D.D.C.2007) ................................................................................5

*United States ex rel. Jacobs v. CDS, P.A.*,
   No. 4:14-CV-00301-BLW, 2016 WL 4146077 (D. Idaho Aug. 3, 2016) ................................7

*United States ex rel. Trim v. McKean*,
   31 F.Supp.2d 1308 (W.D.Okla.1998) ........................................................................5

*United States ex rel. Michaels v. Agape Senior Cmty., Inc.*,
   No. CA 0:12-3466-JFA, 2015 WL 3903675 (D.S.C. June 25, 2015), aff'd in
   part, appeal dismissed in part sub nom., 848 F.3d 330 (4th Cir. 2017) ..................................5

*United States v. Medco Physicians Unlimited*,
   No. 98–C–1622, 2000 U.S. Dist. LEXIS 5843 (N.D.Ill. Mar. 15, 2000) .................................5

*Vaigasi v. Solow Mgmt. Corp.*,
   No. 11-CIV-5088, 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016) ...........................................2

*Walls v. City of New York*,
   502 F. Supp. 3d 686 (E.D.N.Y. 2020) .......................................................................3

*Winfield v. City of New York*,
   No. 15-CV-05236, 2018 WL 716013 (S.D.N.Y. Feb. 12, 2018)............................................5

## Rules

Fed. R. Civ. P. 11 ..................................................................................................6

Fed. R. Civ. P. 26..................................................................................................2, 3

## Other Authorities

https://www.linkedin.com/in/thepersonalizedmedicinegroup/ .......................................................8

iii

## I.    INTRODUCTION

Notwithstanding their rhetoric, Plaintiffs offer little credible opposition to Cigna's motion. Plaintiffs do not dispute that much of the discovery at issue is relevant – notably including discovery regarding the alleged Cigna members that Plaintiffs allegedly tested or treated, and in whose shoes Plaintiffs purport to stand. Plaintiffs must prove that each of the people for whom they seek reimbursement is a Cigna member; they have not produced such evidence. They must prove that they performed the testing and/or medical services for which they seek payment, and that the services were medically necessary and clinically appropriate; they have not produced such evidence. They must prove their standing to assert ERISA claims on behalf of each of the Cigna members they allegedly tested; they have not produced a single assignment signed by a single Cigna member. Their only real opposition to this discovery is the unsupported claim that production would be too burdensome. Plaintiffs acknowledge that they must establish undue burden in order to resist production, but they have failed to submit any evidence of undue burden. That failure is fatal.

Plaintiffs also oppose discovery seeking evidence relating to several specific allegations they made in the Amended Complaint, arguing that the discovery is irrelevant because those allegations are merely "background." To be sure, Plaintiffs highlight many of those "background" allegations in their opposition to this motion, as a way of establishing their purported bona fides. Plaintiffs have affirmatively put those subjects in issue, and cannot avoid discovery.

Plaintiffs advise that they are continuing to search for documents they have agreed to produce; they should be directed to finish the search and make production by a date certain. Finally, the Court should not defer decision on this motion to compel until after a decision on Cigna's motion to dismiss, unless the Court stays all discovery until the motion to dismiss is decided.

## II.    LEGAL STANDARD

Plaintiffs acknowledge that Rule 26 places burdens on both sides of a discovery dispute. Thus, as they acknowledge, "[t]he party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." Opp. Br., p. 11 (*quoting Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013)). As the Second Circuit has held, relevance "under Rule 26 is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *United States CFTC v. Parnon Energy, Inc.*, 593 Fed. Appx. 32, 36 (2d Cir. 2014) (quoting O*ppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Plaintiffs acknowledge that, once relevance is established, "it is up to the responding party to justify curtailing discovery." Opp. Br., p. 12. Thus, Plaintiffs must establish a lack of proportionality, and/or undue burden. In evaluating Plaintiffs' opposition, several points are pertinent.

*First*, "the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CIV-5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016). Here, information establishing whether Plaintiffs provided medically necessary and/or clinically appropriate health services to Cigna members is highly relevant, and Plaintiffs thus have a higher bar to cross in order to avoid production.

*Second*, "the objecting party bears the burden of demonstrating specifically how … each [request] is … burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69, 70-71 (D. Conn. 2004). *See also Endurance Am. Specialty Ins. Co. v. William Kramer & Assocs., LLC*, No. 3:18-CV-192, 2020 WL 6940761, at *7 (D. Conn. Mar. 30, 2020) (Rule 26(b)(1) "does not permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." (quotation marks omitted)); *Knapik v. Mary Hitchcock Mem'l Hosp.*, No. 5:12-CV-175, 2014 WL 12717392,

at *10 (D. Vt. May 27, 2014) ("Because MHMH has not properly supported its overbreadth objection, that objection is waived."). Plaintiffs have not submitted any declaration or evidence to support their claims of burden or lack of proportionality.

*Third*, Plaintiffs' claims of undue burden and disproportionality must be considered in light of the fact that they chose to seek recovery of $6 million based on their alleged testing of thousands of people. *See* Fed. R. Civ. P. 26(b)(1) (identifying "the amount in controversy" as one of the factors on which proportionality is determined).

## III.    ARGUMENT

Plaintiffs have not provided any legitimate grounds to oppose the discovery Cigna seeks.

### A.  Identification of Cigna Members, and Their Medical Records and Assignments

***Identifying information regarding each person tested.*** Plaintiffs admit this information is relevant, and they do not dispute that they have it at hand, because they required people seeking tests to provide identifying information such as their address, date of birth, and insurance information. In light of these factors, Plaintiffs' opposition is without merit, for various reasons:

- Plaintiffs' attorneys' assertion that each of the people on the spreadsheet they produced is a Cigna member for whom a claim was submitted to, and processed by, Cigna is not evidence. Indeed, Plaintiffs did not even provide any evidence or explanation regarding the information that they, or their attorneys, reviewed to make that purported assessment. To the extent one accepts the unsupported statement that a manual search of Plaintiffs' records is necessary to locate information confirming that the listed individuals are Cigna members, Plaintiffs or their attorneys' presumably already did that in order to compile the list they have produced.

- Plaintiffs have not submitted any evidence about their computer systems, what specific data it has, and what reports it can generate. But even if they had established that their computer system made it burdensome to compile the information Cigna seeks, they "cannot rely on a burden that they themselves created … to establish a factor in their favor in the proportionality analysis." *Walls v. City of New York*, 502 F. Supp. 3d 686, 695 (E.D.N.Y. 2020).

- Even if one were to assume that Plaintiffs previously submitted to Cigna claims for each of those individuals, that "fact" only minimizes Plaintiffs' burden here. Any claim Plaintiffs submitted to Cigna undoubtedly was submitted using the industry-standard Health Insurance Claim Form NUCC 1500, which required Plaintiffs to include the very information Cigna now

3

seeks. (A copy of the form is available at https://www.cigna.com/static/www-cigna-com/docs/health-care-providers/form-cms1500.pdf).

- Plaintiffs' assertion that Cigna can easily find the claims with the minimal information they have provided is utter speculation. Locating 2,600 specific members from among the millions of Cigna members, with only a name and date of service, is not a trivial undertaking. In other words, Plaintiffs have not established that the burden on Cigna is any less than any burden on Plaintiffs.

*Medical records for each claim.* Plaintiffs do not dispute that this discovery is relevant. They claim that it is overbroad, in that it "could include procedures that are not related to this case." Opp. Br., p. 14. They did not raise this dispute in the parties' discussions, but Cigna seeks only the medical records for services for which Plaintiffs demand Cigna pay (or that relate to the medical necessity and/or clinical appropriateness of those services). They also claim, inaccurately, that Cigna "acknowledges that the Murphy Practice has produced *the records* for about 800 people." *Id*. p. 15 (emphasis added). What Cigna said is that Plaintiffs produced "limited documents" for those people that "are insufficient to comply with Cigna's discovery requests." Moving Br., p. 12.

Remarkably, Plaintiffs assert that it is disproportional for Cigna to demand production of records establishing that they actually performed, had a clinical basis for, and maintained required records for, the medical services for which they demand Cigna pay. This is utterly basic production in a health care payment dispute.

Plaintiffs fail to provide any evidence to support their assertion that this request would require them to produce "hundreds of thousands of pages of documents" and "cause the entire practice, and the COVID-19 testing operation … to grind to a halt." Opp. Br., p. 9. It is also inconsistent with Plaintiffs' own complaint, which alleges that the vast majority of the tested individuals were strangers to the practice who merely walked or drove into a testing site. Thus, it is unlikely that Plaintiffs will have voluminous files for many, if any, of the tested individuals. Certainly, Plaintiffs have not satisfied their obligation to demonstrate that copying and producing the medical file for

4

each Cigna member at issue in the case is burdensome enough to "justify curtailing discovery." *Winfield v. City of New York*, No. 15-CV-05236, 2018 WL 716013, at \*4 (S.D.N.Y. Feb. 12, 2018).

The Court should reject Plaintiffs' assertion that they should be permitted to produce some unspecified sample of medical records, and that the parties should be obligated to agree on some unspecified extrapolation methodology to address both liability and damages. This proposal should be rejected for numerous reasons:

- Plaintiffs have not introduced any evidence establishing that production of the relevant medical records is unduly burdensome. Accordingly, there is no reason to allow Plaintiffs to litigate their claims without producing all of the relevant material.

- There are many decisions holding that sampling is inappropriate in the healthcare context, especially when used to assess liability, as opposed to just damages. *See United States ex rel. Crews v. NCS Healthcare of Illinois, Inc.*, 460 F.3d 853, 857 (7th Cir.2006) (rejecting attempt to establish liability based upon percentages rather than proof of actual false claims); *U.S. ex rel. Michaels v. Agape Senior Cmty., Inc.*, No. CA 0:12-3466-JFA, 2015 WL 3903675, at \*8 (D.S.C. June 25, 2015), *aff'd in part, appeal dismissed in part sub nom.*, 848 F.3d 330 (4th Cir. 2017) (rejecting sampling where claims involving medical necessity disputes are "fact dependent and wholly unrelated to each and every other claim" and, therefore, not susceptible to extrapolation); *United States ex rel. El–Amin v. George Washington Univ.*, 533 F.Supp.2d 12, 31 n. 9 (D.D.C.2008) (requiring plaintiffs to set forth specific evidence for each individual claim); *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 66 (D.D.C.2007) (it is "imperative for [R]elator[s] to produce real evidence to support [their] contention [s]...."); *United States v. Medco Physicians Unlimited*, No. 98–C–1622, 2000 U.S. Dist. LEXIS 5843, at \*23 (N.D.Ill. Mar. 15, 2000) (declining to allow statistical sampling and explaining that the parties provided "no case law or other authority to support such a request"); *United States ex rel. Trim v. McKean*, 31 F.Supp.2d 1308, 1314 (W.D.Okla.1998) (declining to allow a statistical sample "to find a percentage of false claims from all claims submitted by" the defendant).

- Plaintiffs already produced a "probe sample" of medical records to Cigna as part of its SIU investigation prior to the litigation. Cigna's evaluation found reason to conclude that the records provided were created after the fact, for submission to Cigna, rather than contemporaneously with the services Plaintiffs allegedly provided. For example, Cigna found that the records all were signed by Dr Murphy on the same date, and that "records were templated and incomplete." Begos Moving Dec. Ex. J, p. 4 (Doc. 35-3, p. 96 of 134). Sampling would interfere with Cigna's ability to effectively explore whether any of Plaintiffs' purportedly contemporaneous records of health services were created solely or primarily for this litigation.

- Even if sampling were an appropriate option in principle, Plaintiffs have not identified a method of obtaining a reliable sample or extrapolating the results to the entire pool of claims. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) (concluding that the

5

permissibility of statistical sampling turns on "the degree to which the [statistical] evidence is reliable in proving or disproving the elements of the relevant cause of action").  Plaintiffs merely assert, conclusorily, that "sampling could be a reliable alternative." Opp. Br., p. 16. Entirely absent is any evidence explaining why it actually *is* a reliable alternative here.

- Sampling likely would be as burdensome, if not more so, than simply producing all of the medical records at issue, because designing a reliable sampling and extrapolation protocol would require engaging at least one expert (and likely two competing experts), and would require time to propose, discuss, and potentially litigate dueling protocols.

*Assignments of benefits.* Plaintiffs' assertion that they have "produced every form assignment of benefits" is specious. Opp. Br., p. 17. Plaintiffs have alleged that they received an assignment from "many of" the 2,000-plus alleged Cigna members at issue in this case, Amended Complaint, ¶ 78, but they have not produced a single assignment signed by a single member. A couple of blank assignment forms cannot substitute for the actual assignments signed by the actual members. It is simply not possible for Plaintiffs to purport to assert ERISA claims belonging to Cigna members without producing a valid assignment for each member in whose shoes Plaintiffs claim to stand. It is irrelevant, for purposes of this motion, that Plaintiffs contend, in the alternative, that the assignments they allege to have are not needed to give them standing. They have chosen to allege standing through assignments, and they must produce the evidence supporting that allegation.

Plaintiffs claim – without evidentiary support – that it would be unduly burdensome for them to locate and produce these actual assignments, Opp. Br., p. 17, but one would expect that Plaintiffs already did that before asserting, in their complaint, that "many of" the individuals had executed assignments. Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading … an attorney … certifies that … the factual contentions have evidentiary support[.]").

**B.   Discovery Regarding Allegations in the Amended Complaint**

"The allegations of the complaint logically shape the scope of discovery." *United States ex rel. Jacobs v. CDS, P.A.*, No. 4:14-CV-00301-BLW, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016). *See also, Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint

guides the parties' discovery."). Specifically, when the plaintiff puts a fact in issue by alleging it in a complaint, the defendant is entitled to discovery relating to that fact. *See State of N.Y. v. Cedar Park Concrete Corp.*, 130 F.R.D. 16, 19 (S.D.N.Y. 1990) ("by pleading fraudulent concealment, plaintiff has placed in issue the question of when the Attorney General acquired, or should have acquired, actual knowledge of plaintiff's claims"); *Lawrence v. City & Cty. of San Francisco*, No. 14-CV-00820-MEJ, 2015 WL 1093081, at *3 (N.D. Cal. Mar. 10, 2015) ("to the extent that Plaintiff places his physical condition at issue, Defendant is entitled to discover medical records that reasonably relate to his allegations").

***Investments in COVID testing and related financial documents.*** Plaintiffs do not dispute that the Amended Complaint alleges that they spent "hundreds of thousands of dollars" to set up their COVID testing sites, but they assert that this is merely "background," and that Cigna is not entitled to discovery into the facts relating to that allegation. Plaintiffs do not provide any basis to conclude that an allegation in the "background" section of a pleading is somehow not a legitimate subject for discovery. Moreover, Plaintiffs' opposition brief demonstrates that they seek to use their "background" allegations affirmatively in this case, by quoting extensively from that section. *See* Opp. Br., pp. 5-6.

***Plaintiffs' professional status and licensing problems.*** Plaintiffs plainly put their professional bona fides in issue, by describing themselves as operating a "cutting edge medical practice" providing "high-quality" care, and by asserting that they made legitimate clinical assessments regarding the testing that was required. Moving Br., p. 18. One aspect of this case will be whether Plaintiffs acted to provide medically necessary services, or sought to use the COVID pandemic as an entrepreneurial opportunity; this discovery is unquestionably relevant.[1]

---

[1] An indicator of Dr. Murphy's view of the practice of medicine can be found on his LinkedIn profile, which states that he has been, for the last six-plus years, Medical Director for "HungoverMD," which he describes as "a Physician

7

Plaintiffs also alleged that various entities sponsoring testing sites cut ties with Plaintiffs because of alleged defamatory statements by Cigna. Cigna is therefore entitled to discovery to evaluate whether there might be other reasons why those ties were severed. Thus, information concerning Dr. Murphy's professional qualifications and reputation in the community is relevant to both Plaintiffs' claim and Cigna's defense. Plaintiffs provide no evidence to support their contention that the information Cigna seeks "would have been confidential and would have no effect on Dr. Murphy's public reputation." Opp. Br., p. 21. Until Cigna knows what information exists, it cannot effectively explore the extent to which it was available to municipalities or other entities.

The cases Plaintiffs cite are easily distinguishable. For example, in *Frost v. Am. Lung Ass'n of Cent. States*, No. CIV.A. H-09-310, 2009 WL 1636944, at *1 (S.D. Tex. June 11, 2009), the Court held that the plaintiff who asserted an employment discrimination claim was not entitled to discovery into claims and lawsuits that non-parties had asserted *against the defendant*, because that information was "irrelevant to [the plaintiff's] claims." Here, Cigna seeks discovery into matters that Plaintiffs have explicitly put in issue, and that are therefore relevant both to Plaintiffs' claims and Cigna's defenses.

***Disputes with other insurers.*** Plaintiffs have put in issue the way that other insurers have handled Plaintiffs' COVID testing claims by alleging that "other carriers similarly situated to Cigna" reimbursed them for the types of services Cigna denied. Amended Complaint, ¶ 85. Plaintiffs have further highlighted the need for discovery by contradicting or varying that allegation twice. Specifically, as Cigna pointed out, Dr. Murphy was previously quoted stating that "Connecticare has not paid for a single claim," Begos Moving Dec., Ex N. And Plaintiffs now assert

---

Led Social Health Venture, for the Busy professional who has a demanding work schedule and equally rigorous social life. Our Hangover Fixer Elixir is an effective, specialized hangover treatment delivered on demand at your location by our licensed medical professionals." https://www.linkedin.com/in/thepersonalizedmedicinegroup/

(without evidentiary support) that the insurers who supposedly did pay "were all in-network … and thus were governed by an entirely different set of rules and procedures[.]" Opp. Br., p. 22. But that assertion, if true, contradicts the allegation that these insurers were "similarly situated," and raises the question why Plaintiffs included an allegation about irrelevant claim determinations by other insurers. It is through discovery that Cigna will be able to establish the reality underlying Plaintiffs' allegations, and to ascertain whether evidence regarding the actions other insurers took in response to Plaintiffs' claims is admissible in this action.[2]

### C.    Plaintiffs Should Be Required to Produce "Remaining Documents" By a Date Certain

In addition to the documents Plaintiffs previously produced, they produced a handful of additional responsive documents when they served their opposition to this motion, *see* Opp. Br., p. 23. They assert that they are continuing to search for documents they agreed to produce, and will produce other documents shortly. Cigna served the requests at issue in January, and Plaintiffs should, at this point in time, be required to complete, by a date certain, production of the documents they have agreed to produce.

### D.    The Court Should Not Defer Decision on This Motion Unless It Stays All Discovery

It is surprising that Plaintiffs would want to delay litigation of the merits of their claims pending decision on a motion to dismiss they claim should be denied. In any event, unless the Court chooses to stay all discovery pending a decision on the motion to dismiss, there is no legitimate basis to delay decision on this motion.

---

[2] "The relevancy of [evidence] which aids in the … determination of a party's credibility and veracity has been repeatedly affirmed…. E]vidence bearing directly on a party's capacity for truth-telling [is] relevant." *Lewis v. Baker*, 526 F.2d 470, 475-76 (2d Cir. 1975).

9

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Cigna's motion to compel in its entirety.

Dated: August 5, 2021

Respectfully submitted,
DEFENDANTS,

CIGNA HEALTH AND LIFE INSURANCE COM-PANY and CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY

By:   */s/ Patrick W. Begos*
Patrick W. Begos (ct19090)
Theodore J. Tucci (ct05249)
Milanna Datlow (ct30402)
Robinson & Cole LLP
1055 Washington Boulevard
Stamford, CT  06901
Telephone: (203) 462-7500
Fax: (203) 462-7599

*Their Attorneys*

10

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2021, a copy of the foregoing Reply Memorandum of Law in Further Support of Defendants' Motion for Order Compelling Discovery was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Patrick W. Begos*
Patrick W. Begos