UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MURPHY MEDICAL ASSOCIATES, LLC; DIAGNOSTIC AND MEDICAL SPECIALISTS OF GREENWICH, LLC; NORTH STAMFORD MEDICAL ASSOCIATES, LLC; COASTAL CONNECTICUT MEDICAL GROUP, LLC; and STEVEN A.R. MURPHY, M.D.,<br><br>     *Plaintiffs*,<br><br>     *v.*<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>     *Defendants*. | Civil No. 3:20cv1675(JBA)<br><br><br><br>October 18, 2022 |

**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION AND LEAVE TO AMEND**

Plaintiffs move for reconsideration [Doc. # 50] of the Court's March 11, 2022 order [Doc. # 48] partially dismissing their amended complaint. Plaintiffs argue that the Court improperly dismissed with prejudice Counts Five and Six as to both ERISA and non-ERISA plans, and the Court should have permitted the non-ERISA plan claims to stand. Plaintiffs seek reconsideration for the purpose of amending their complaint to specify that these claims are against non-ERISA plans. For the reasons given below, the Court GRANTS Plaintiffs' motion for reconsideration and GRANTS leave to amend.

## I.  Background

The Court assumes familiarity with the factual background of the case. The procedural history is as follows: Plaintiffs brought this action alleging violations of the Families First Coronavirus Response Act ("FFCRA") and Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), the Employee Retirement Income Security Act of 1974

("ERISA"), the Connecticut Unfair Insurance Practices Act ("CUIPA") through the Connecticut Unfair Trade Practices Act ("CUTPA") ("CUTPA/CUIPA"), and asserting unjust enrichment, quantum meruit, and tortious interference claims. (Am. Compl. [Doc. # 29].) These claims concerned both ERISA and non-ERISA plans. (*See* Am. Compl. ¶ 82 ("To the extent that claims submitted to Cigna by the Murphy Practice relate to non-ERISA governed health care plans, on information and belief those plans provide coverage for out of network services. Even if the plans do not provide such coverage, they are obligated by the FFCRA and the CARES Act to cover COVID-19 testing and related procedures, and to pay providers for such services, even if furnished by an 'out-of-network' provider.")

Defendants moved to dismiss all claims with prejudice. (Mot. to Dismiss [Doc. # 30] at 1.) Relevant here, they argued that Plaintiffs' CUTPA/CUIPA (Count Five) and unjust enrichment (Count Six) claims were preempted by ERISA. (*Id.* at 26-29.) Plaintiffs' opposition broadly argued that ERISA preemption did not apply to the state law claims as a whole, explicitly stating that distinguishing between ERISA and non-ERISA plans was "irrelevant." (Pls.' Opp'n [Doc. # 31] at 31-35.) The Court partially granted the motion to dismiss, including the dismissal of Counts Five and Six, which were dismissed with prejudice. (Order at 1-2, 20, n.10, 23, n.11.) The dismissals of Counts Five and Six were premised on ERISA preemption. (*Id.* at 18-23.)

Plaintiffs now move under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's dismissal and an order pursuant to Federal Rule of Civil Procedure 15(a) granting leave to file a Second Amended Complaint. (Pls.' Mem. [Doc. # 50-1] at 1.)

## II.    Standard

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motion. Such motions will generally be denied unless the movant can point to controlling decisions or data that the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1). The major grounds justifying reconsideration are "an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This broad standard reflects courts' "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011). Additionally, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Romani v. Sanofi*, 899 F.2d 195, 198 (2d Cir. 1990).

### III.    Discussion

Plaintiffs argue that the Court erroneously dismissed the entirety of their Count Five and Count Six claims as preempted by ERISA, including claims related to non-ERISA plans, because ERISA preemption does not apply to non-ERISA plans. (Pls.' Mem. at 5-9.) Plaintiffs' argument is two-fold: that Plaintiffs adequately argued that their claims included non-ERISA claims and that the Court dismissed the claims with regard to both ERISA and non-ERISA plans. (*Id.*) Plaintiffs rely on their statements at oral argument that some plans may not have been ERISA plans as support for their argument that a separate claim was made with regard to non-ERISA plans. They also characterize the Court's ruling as "broadly dismiss[ing] all CUIPA and unjust enrichment claims, including those related to services the Murphy Practice provided to patients enrolled in non-ERISA plans." (*Id.* at 5.) Defendants argue that Plaintiffs did not press the claim that dismissal was improper because of the existence of non-ERISA plans in their briefing, viewing the Court's ruling as recognition that "Plaintiffs had failed to effectively oppose dismissal on the grounds that some unidentified benefits claims involved unspecified non-ERISA plans." (Defs.' Opp'n [Doc. # 58] at 8-9.)

The Court's order was based on the Court's understanding that Plaintiffs did not contest Defendants' assertion that ERISA preemption applied to all of Plaintiffs' Count Five and Count Six Claims. (Order at 21, n.10.) As the Court explained

> While Plaintiff alluded to non-ERISA plans at oral argument (Tr. 50:19-13), it did not press the viability of these claims in its brief in opposition nor during oral argument. In fact, at oral argument, counsel focused on its state law claims as a type of alternative remedy to any ERISA claim over which it lacked standing. (Tr. at 50:18-51:5.) The Court thus will not consider whether any potential claims brought under non-ERISA policies plausibly state a claim for relief under state law.

(Order at 21, n.10.)  The existence of non-ERISA plans was also not explicitly addressed in Plaintiff's complaint, which stated that "[t]o the extent that claims submitted to Cigna by the Murphy Practice relate to non-ERISA governed health care plans, on information and belief those plans provide coverage for out of network services."  (Am. Compl. ¶ 82.) Thus, it appeared to the Court that Plaintiffs had abandoned their claims that the entirety of Counts Five and Six should not be dismissed as ERISA-preempted. *See Lipton v. Cnty. of Orange, N.Y.*, 315 F.Supp.2d 434, 446 (S.D.N.Y.2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").

However, Plaintiff's motion has clarified that their Count Five and Count Six claims related to both ERISA and non-ERISA plans.  In light of the "strong preference for resolving disputes on the merits," *Williams*, 659 F.3d at 212–13, and in the interests of justice, the Court will modify its order and grant Plaintiffs leave to amend.

**IV.     Conclusion**

For the reasons given above, Plaintiffs' motion for reconsideration [Doc. # 50] and leave to amend is GRANTED.  Plaintiffs will have until October 28, 2022 to file their amended complaint.  Answers or other responses to the amended complaint, if any, are due 14 days thereafter (November 11, 2022).

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of October, 2022