**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------------- x
MURPHY MEDICAL ASSOCIATES, LLC; :
DIAGNOSTIC AND MEDICAL SPECIALISTS OF :
GREENWICH, LLC; NORTH STAMFORD MEDICAL :
ASSOCIATES, LLC; COASTAL CONNECTICUT :      3:20-cv-01675-JBA
MEDICAL GROUP, LLC; and STEVEN A.R. MURPHY, :
MD, :
                                  :
             Plaintiffs, :
V. :
                                  :
CIGNA HEALTH AND LIFE INSURANCE COMPANY :    December 1, 2022
and CONNECTICUT GENERAL LIFE INSURANCE :
COMPANY, :
                                  :
             Defendants. :
-------------------------------------------------------------------- x

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF RULE 37(B) MOTION FOR SANCTIONS

                                   Robinson & Cole LLP
                                   1055 Washington Boulevard
                                   Stamford, CT 06901

                                   *Attorneys for Cigna Health And Life*
                                   *Insurance Company and Connecticut*
                                   *General Life Insurance Company*

*Of Counsel*:
Patrick W. Begos
Theodore J. Tucci
Milanna Datlow

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.      INTRODUCTION .................................................................................................................. 1

II.     PLAINTIFFS HAVE ADMITTED INTENTIONAL NON-COMPLIANCE AND
        THEY HAVE NOT DEMONSTRATED FULL COMPLIANCE .................................... 2

III.    LEGAL ARGUMENT ............................................................................................................ 5

        A.     Cigna Complied With Meet-And-Confer Requirements ...................................... 5

        B.     Plaintiffs' Substantive Opposition is Without Merit ............................................ 6

        C.     Sanctions Are Appropriate ..................................................................................... 9

IV.     CONCLUSION ...................................................................................................................... 10

CERTIFICATE OF SERVICE ....................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Buffalo Laborers Welfare Fund v. Elliott*,
  2008 WL 907385 (W.D.N.Y. Mar. 31, 2008)..............................................................................6

*El-Massri v. New Haven Corr. Ctr.*,
  No. 3:18-CV-1249 (CSH), 2019 WL 2006001 (D. Conn. May 7, 2019) ..................................6

*Flaks v. Koegel*,
  504 F.2d 702 (2d Cir. 1974)..................................................................................................6, 7

*Residential Funding Corp. v. DeGeorge Fin. Corp.*,
  306 F.3d 99 (2d Cir. 2002).........................................................................................................7

*Reyes v. Receivables Performance Mgmt, LLC*,
  No. 3:19-CV-01207 (KAD), 2021 WL 930000 (D. Conn. Mar. 11, 2021)................................7

*Ruffino v. Faucher*,
  No. 3:11-CV-297 VLB, 2012 WL 3637636 (D. Conn. Aug. 22, 2012) ....................................6

*In re Speer*,
  No. 14-21007 (AMN), 2020 WL 1649617 (Bankr. D. Conn. Apr. 1, 2020).............................6

*United Illuminating Co. v. Whiting-Turner Contracting Co.*,
  No. 3: 18 CV 327 (WWE), 2019 WL 4926402 (D. Conn. Oct. 7, 2019) ..................................7

*Update Art, Inc. v. Modiin Pub., Ltd.*,
  843 F.2d 67 (2d Cir. 1988).........................................................................................................8

*Zeiner v. Messina-Toombs*,
  No. 12cv1414WWE, 2015 WL 5062440 (D. Conn. Aug. 26, 2015)........................................7

**Other Authorities**

Fed. R. Civ. P. 37.................................................................................................................1, 6, 7

Local Civil Rule 37...................................................................................................................6, 8

Defendants, Cigna Health and Life Insurance Company and Connecticut General Life Insurance Co. (collectively, "Cigna"), submit this reply brief in further support of their motion for an order for sanctions under Fed. R. Civ. P. 37(b).

## I.    INTRODUCTION

Cigna's motion papers demonstrated, with great detail, that Plaintiffs had failed to comply with the Court's March 2022 Order, which had compelled extensive production of documents and information by April 15, 2022. (Doc. 52, *also* at Doc. 73-1). Plaintiffs do not dispute that they failed to comply with the Order. Instead, and remarkably, Plaintiffs assert that they *intentionally refused* to comply. *See* Declaration of Steven Murphy (Doc. 80-2), ¶ 6 (noting that Murphy chose to have his "team focus on different litigations" and he "divert[ed] resources to other litigations"). This is despite the fact that Plaintiffs' attorney, presumably with knowledge of Plaintiffs' financial condition and production capacity, agreed to the April 15, 2022 compliance deadline. March 2022 Order, pp. 71-72. Plaintiffs did not ask the Court to extend its deadline to comply with the March 2022 Order (or request that Cigna agree to an extension of time). And counsel did not cite such hardship (or any other excuse) while ignoring multiple communications this summer in which Cigna demanded completion of the ordered production. Simply, Plaintiffs' proffered excuse for violating the Order is no excuse at all.[1]

Cigna's motion identified the 12,000-plus itemized claims that Plaintiffs asserted in the litigation but for which they failed to produce documents or assignments. In opposition, Plaintiffs merely assert, without any detail, that a document dump of 86,000-plus pages they made with their

---

[1] The alleged financial hardship is largely, if not entirely, self-inflicted. Thus, Plaintiffs staked out the novel position that emergency federal Covid legislation authorized them to perform any health services they desired when someone sought a Covid test, and that the same legislation allowed them to charge any price they wished for those services. The fact that they admit filing *seven* suits against other health plans or insurers for the same type of claims at issue here, Opp. Br., pp. 2-3, demonstrates that health plans and insurers have consistently rejected Plaintiffs' demands.

opposition contains "all medical records concerning the claims, all assignments that it has in its possession, and all evidence concerning the cash price and tortious interference claim." Opp. Br., p. 3. As discussed below and the accompanying Begos Reply Declaration, that statement is both unsupported and inaccurate.

Finally, Plaintiffs contend that "Cigna filed this motion without a proper meet and confer." Opp. Br., p. 3. But the evidence shows that Cigna attempted, for over six weeks in July and August, to engage Plaintiff in substantive communications regarding their failure to comply with the March 2022 Order, and that they repeatedly promised to communicate and then repeatedly failed to do so. Begos Moving Dec. (Doc. 73), ¶¶ 6-10. Moreover, because Plaintiffs now admit that they intentionally chose not to comply with the March 2022 Order, additional meet-and-confer efforts would have been futile, and it is disingenuous for Plaintiffs to suggest otherwise.

## II.    PLAINTIFFS HAVE ADMITTED INTENTIONAL NON-COMPLIANCE AND THEY HAVE NOT DEMONSTRATED FULL COMPLIANCE

Cigna's motion addressed in detail the substance of the March 2022 Order, and Plaintiffs' failure to comply. Specifically, Cigna submitted lists of the 12,456 itemized claims for which Plaintiffs failed to produce medical records; the 2,690 itemized test claims for which Plaintiffs failed to produce documentation that a test was performed; and the 2,575 Cigna members for whom Plaintiffs failed to produce assignments. See Moving Br., pp. 8-14; Begos Moving Dec., Exs. F, H, J, K (Docs. 73-6, 73-8, 73-10, 73-11). Plaintiffs do not dispute any of those details. Indeed, they acknowledge that they did not comply with the March 2022 Order. *See* Opp. Br., p. 6 ("Cigna has undoubtedly demonstrated that Plaintiff's production is behind schedule").

Steven Murphy acknowledges that his failure to comply was the product of an intentional choice. But his claim that his choice was a necessary one because of other unspecified "discovery obligations" is not supported by any evidence to justify that choice. Murphy does not identify any

2

Court order compelling production in any of those other litigations, or any other obligations that might trump the March 2022 Order. Further, Plaintiffs' attorneys never asked this Court to extend the deadline for compliance with the March 2022 Order, which they likely would have done had they concluded there was a legitimate basis for the delay.

Murphy then makes the conclusory assertion that, as of the date of his Declaration, his "practice has produced all relevant medical records and assignments that could be located in its possession, custody, or control." Murphy Dec., ¶ 7. Murphy evidently is referring to a "document dump" of 86,000-plus pages that Plaintiffs' attorneys produced on November 21, 2022 (when Plaintiffs filed their opposition), and then withdrew on November 23, 2022 (citing incompleteness), and that they have not yet re-produced. *See* Reply Declaration of Patrick W. Begos, ¶¶ 3-5. Because Plaintiffs' attorneys have advised Cigna that they will be replacing that incomplete production in its entirety, they certainly have not complied with the March 2022 Order.[2]

Equally significantly, Plaintiffs have not provided specifics regarding how their recent document dump will represent full compliance with the March 2022 Order. For example, Murphy has now essentially admitted that Plaintiffs do not have medical records, test results and/or assignments for all of the itemized claims and Cigna members they have placed in issue. Murphy Dec., ¶ 3 ("health concerns militated against using paper records[,] … yet the electronic infrastructure for keeping records electronically … was not readily available. … Traditional record keeping practices were admittedly not permitted to trump [other] considerations."). This admission

---

[2] To put the 86,000 pages in perspective, Plaintiffs had produced about 10,000 pages of documents by the April 15, 2022 deadline. Moving Br., p. 5; Begos Moving Dec., Ex. B. Plaintiffs then produced nothing more for seven months (now claiming to have decided to focus on other litigations), before producing (and withdrawing) this document dump. This is further proof that Plaintiffs made no credible effort to comply with the March 2022 Order by the deadline imposed in that Order.

confirmed evidence developed by Cigna prior to the litigation (and submitted with its motion to compel) that Plaintiffs had provided to Cigna medical records that were created long after the services allegedly were performed. *See* Doc. 35-3 at p. 97 of 134 ("All evaluation and management notes were signed and dated on 8/14/2020 [shortly before the records were provided to Cigna for SIU review] regardless of the date of service."). Indeed, the assertion that Plaintiffs have fully complied with the March 2022 Order is found in conclusory statements in Plaintiffs' Opposition Brief, not in any declaration under oath. Murphy, for his part, makes only the cryptic statement that Plaintiffs have produced "all relevant medical records and assignments that could be located[.]"Murphy Dec., ¶ 7.

As noted, Cigna has been forced to go to great effort to identify and document the thousands of itemized claims for which Plaintiffs failed to produce medical records and/or test results, and the thousands of Cigna members for whom they have not produced assignments. Plaintiffs have not specified which of those thousands of itemized deficiencies will be "cured" once the document dump is finally re-produced, or where among the 86,000-plus documents Cigna can find particular assignments or records supporting particular itemized claims. Thus, Plaintiffs not only have intentionally disregarded the March 2022 Order, but they now seek to impose on Cigna the additional burden of sorting through 86,000-plus pages of documents to determine whether their conclusory assertions of full production are accurate. Under the circumstances, and as discussed further below, Plaintiffs should be obligated to provide an analysis of the document dump, specifying which itemized claims are now supported by medical records, which itemized tests are now supported by test results, and which missing assignments for Cigna members have now been produced. They should also specify where in the production those specific records can be found.

## III.    LEGAL ARGUMENT

### A.    Cigna Complied With Meet-And-Confer Requirements

Plaintiffs assert that they advised Cigna "[t]hroughout this litigation" that they would produce documents in compliance with the March 2022 Order, and that Cigna's motion for discovery sanctions "was a surprise to the Murphy Practice as there was no actual meet and confer." Opp. Br., p. 4. It should be noted that Plaintiffs' attorneys have not made that assertion in a declaration. Contrary to Plaintiffs' conclusory assertion of surprise, the chronology set forth in paragraphs 6-9 of the Begos Moving Declaration demonstrates that there was no surprise, because Plaintiffs were told exactly how they had failed to comply with the March 2022 Order, and they repeatedly refused to address the deficiencies (despite repeatedly stating that a response was forthcoming):

- On July 11, 2022, Begos "wrote to Plaintiffs' attorneys identifying the deficiencies in the court-ordered production and demanding a prompt response and completion of the production. The letter requested a response by July 22, 2022."

- By August 12, 2022, Plaintiffs' attorneys still had not responded to the letter, and Begos "emailed them to demand a response to the letter and completion of the Court-ordered production."

- On August 16, Plaintiffs' attorneys stated that they "will have an additional production and response to your letter sometime next week."

- When the additional production and response did not appear, Begos "once again emailed [Plaintiffs'] attorneys on August 23, 2022 to enquire 'when can we expect to see the production you promised, and the response to our 7/11 deficiency letter?'"

- Also on August 23, 2022, Begos "spoke with John Martin, one of Plaintiffs' attorneys, and he stated that Plaintiffs would respond to the July 11 letter and produce documents in two weeks."

- As of the date of Cigna's motion, Plaintiffs had not responded to the July 11, 2022 deficiency letter, and they had not produced any additional documents or information after their April 15, 2022 production.

The August 23, 2022 telephone call, which Plaintiffs (again without any declaration) refer to as a "brief general conversation," Opp. Br., p. 11, thus was the culmination of a series of

5

communications during which Cigna provided a detailed recitation of failures to comply with the March 2022 Order, and Plaintiffs regularly promised to respond and then ignored their promises.

The purpose of the meet-and-confer rule "is to encourage the parties to resolve discovery disputes without court intervention." *El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 2006001, at *4 (D. Conn. May 7, 2019) (quoting *Ruffino v. Faucher*, No. 3:11-CV-297 VLB, 2012 WL 3637636, at *1 (D. Conn. Aug. 22, 2012)). Cigna's repeated efforts to engage Plaintiffs in communications regarding Plaintiffs' failure to comply with the March 2022 Order – including a detailed letter, multiple emails and a phone call – were plainly a good-faith effort to resolve the dispute without Court intervention, and therefore complied with both the letter and the spirit of Local Civil Rule 37. Plaintiffs seek to elevate form over substance in arguing that these multiple communications – letter, emails and phone call – regarding the same discovery issue does not constitute a meet and confer.

Moreover, Murphy's Declaration – which states that he intentionally chose not to comply with the March 2022 Order and chose instead to devote resources to other litigations – confirms that Plaintiffs had no intention of complying without further court intervention. The notion that a longer phone conversation with Plaintiffs' attorneys would have produced a different result is nonsensical. *See In re Speer*, No. 14-21007 (AMN), 2020 WL 1649617, at *14 (Bankr. D. Conn. Apr. 1, 2020) (finding that "a meet and confer would have been futile.")

### B.  Plaintiffs' Substantive Opposition is Without Merit

Plaintiffs' substantive opposition is premised largely on the false notion that Cigna's motion seeks sanctions under Rule 37(a), (c), or (d) for failure to respond to a discovery request or to appear for a deposition, rather than under Rule 37(b) for failure to comply with the March 2022 Order. For example, Plaintiffs cite to *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974), and *Buffalo*

*Laborers Welfare Fund v. Elliott*, 2008 WL 907385, at *2 (W.D.N.Y. Mar. 31, 2008), for the rules regarding imposition of sanctions under Rule 37(d) for failure to appear for a deposition. Plaintiffs also cite other similarly inapposite cases. *See Reyes v. Receivables Performance Mgmt, LLC*, No. 3:19-CV-01207 (KAD), 2021 WL 930000 (D. Conn. Mar. 11, 2021) (discussing sanctions for disclosure of expert on last day of discovery); *United Illuminating Co. v. Whiting-Turner Contracting Co.*, No. 3: 18 CV 327 (WWE), 2019 WL 4926402 (D. Conn. Oct. 7, 2019) (denying request for sanctions on a motion to compel).

One case Plaintiffs cite did involve a motion for sanctions for violating a production order, and it confirms the proper test for preclusion. *Zeiner v. Messina-Toombs*, No. 12cv1414WWE, 2015 WL 5062440, at * 2 (D. Conn. Aug. 26, 2015), held:

> Where a party seeks such a remedy—an adverse inference instruction—"on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

Plaintiffs plainly had an obligation to timely produce the evidence specified in the March 2022 Order by April 15, 2022. And Plaintiffs agree that the documents are relevant. *See* Opp. Br., p. 8 ("the evidence at issue is critical to this litigation – without it Plaintiff will almost certainly be forced to drop the vast majority of its claims[.]"). Nor is there any credible dispute that Plaintiffs acted with a culpable state of mind, which merely means that the "failure to comply was in fact due to willfulness, bad faith or fault and not to an inability to comply." *Flaks*, 504 F.2d at 709. As discussed above, Murphy has admitted that Plaintiffs *intentionally chose* not to comply with the March 2022 Order.

7

Plaintiffs argue that the Court should only order sanctions when there has been a "total failure" to comply, but they admit that the "total failure requirement" applies only to a motion for sanctions "absent a prior Order compelling discovery[.]" Opp. Br. p. 7. It would make no sense to preclude a Court from imposing sanctions where a party violates only *part* of a Court order.

Plaintiffs argue that sanctions are not warranted because Cigna has not demonstrated prejudice from their failure to comply with the March 2022 Order. Opp. Br., p. 9. However, Plaintiffs disregard the fact that Rule 37 sanctions are intended not only to protect a litigant from harm, but also to "serve a general deterrent effect on the case at hand and on other litigation[.]" *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Further, there is no question that Cigna has been prejudiced. It has been prejudiced by the fact that it was forced to file two motions to obtain documents that Plaintiffs concede are essential to their case. It has been prejudiced due to the compression of its time to evaluate the evidence in Plaintiffs' document dump. In sum, with the discovery deadline approaching, Cigna still has no idea which of the 12,000-plus itemized claims Plaintiffs made in this case are supported by documentary evidence, or what that evidence is.

Plaintiffs' conduct certainly is sanctionable. They intentionally ignored the March 2022 Order, and then, only after forcing motion practice, they provided a massive document dump with the conclusory assertion that it completes their required production. As Plaintiffs note, the discovery cutoff is in four months; it will take Cigna substantial time to review the new material (after Plaintiffs finally re-produce it in complete form), to evaluate the extent to which it represents full compliance with the March 2022 Order, and then to ascertain appropriate deponents based on the content of those documents. Cigna was supposed to have these documents months ago, and it is Plaintiffs' intentional decision to "prioritize other cases" that puts outsize burden on Cigna.

8

Plaintiffs assert that "a continuance is possible[.]" Opp. Br., p. 10. But they have not asked the Court to extend the discovery deadline, the dispositive motion deadline, and/or the trial date. Moreover, Plaintiffs should not be permitted to intentionally disregard the March 2022 Order and then argue that no sanction is appropriate because existing deadlines can be extended.

### C.    Sanctions Are Appropriate

There is no question that the Court should preclude Plaintiffs from introducing evidence regarding any of the itemized claims, itemized Covid tests, and Cigna members for which they have not produced medical records, lab results or assignments. Murphy has affirmatively represented that the document dump represents all the documents his practice has regarding those matters, Murphy Dec., ¶ 7, and Plaintiffs acknowledge they cannot prove their case without them.

Plaintiffs also should be ordered to provide Cigna with a detailed analysis of their recent document dump specifying: (i) which of the 12,456 missing medical records are included and the bates ranges where each can be found; (ii) which of the 2,690 missing Covid test results are included and the bates ranges where each can be found; and (iii) which of the 2,575 missing assignments are included and the bates ranges where each can be found. Specifically, Cigna has included with its motion the charts itemizing the missing documents (Docs. 73-6, 73-8, 73-10, 73-11), and Plaintiffs can append to each line in those charts the bates numbers where the missing documents can be found (if they have been produced). This detail is especially appropriate where Plaintiffs appear to admit that the production, voluminous as it is, does not contain all of the medical records or assignments that they were ordered to produce. Murphy Dec., ¶¶ 3, 7. Plaintiffs, having forced Cigna to go to the expense of filing this motion that documents their non-compliance, and having compressed Cigna's time to review the voluminous and delayed

production, should not be permitted to magnify the burden by producing an undifferentiated mass of documents.

Finally, because Plaintiffs compelled Cigna to prepare this motion documenting their non-compliance before finally engaging in significant production, the Court should award Cigna its attorneys' fees for this motion.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Cigna's motion in its entirety.

Respectfully submitted,

DEFENDANTS,

CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY

By: _/s/ Patrick W. Begos_
      Patrick W. Begos (ct19090)
      Theodore J. Tucci (ct05249)
      Milanna Datlow (ct30402)
      Robinson & Cole LLP
      1055 Washington Boulevard
      Stamford, CT 06901
      Telephone: (203) 462-7500
      Fax: (203) 462-7599

      *Their Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Patrick W. Begos*
Patrick W. Begos

11