UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MURPHY MEDICAL ASSOCIATES, LLC;          :
DIAGNOSTIC AND MEDICAL SPECIALISTS OF :
GREENWICH, LLC; NORTH STAMFORD          :
MEDICAL ASSOCIATES, LLC; COASTAL         :
CONNECTICUT MEDICAL GROUP, LLC; and      :
STEVEN A.R. MURPHY, M.D.,                 :
                                          :
                    Plaintiffs,           :
                                          :
        vs.                               :   Docket No. 3:20-cv-01675-JBA
                                          :
CIGNA HEALTH AND LIFE INSURANCE          :
COMPANY and CONNECTICUT GENERAL LIFE :
INSURANCE COMPANY,                        :
                                          :
                    Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO CIGNA'S REQUEST TO FILE A NEW MOTION TO DISMISS**

---

GARFUNKEL WILD, P.C.
Attorneys for Plaintiffs
350 Bedford Street, Suite 406A
Stamford, Connecticut 06901
(203) 316-0493

Of Counsel:
John J. Martin, Esq.
Michael J. Keane, Jr., Esq.

6681909v.4

**INTRODUCTION**

Plaintiffs submit this Memorandum in response to Cigna's application for a pre-motion conference in connection with their request to make a Motion to Dismiss Counts Two and Three of the Second Amended Complaint, which allege a violation of the Connecticut Unfair Trade Practices Act, and Unjust Enrichment. As is set forth in more detail below, Plaintiffs agree that Cigna is entitled to some relief, including renewal of the arguments for dismissal of the CUIPA/CUTPA and Unjust Enrichment causes of action that Cigna advanced in their initial Motion to Dismiss, which are arguments that the Court has not yet addressed. However, Cigna should not be permitted to proffer entirely new theories and arguments for dismissal of the two causes of action that, as a substantive matter, have not changed since Cigna's initial motion to dismiss them was filed.

**ARGUMENT**

### CIGNA'S ATTEMPT TO ASSERT ENTIRELY NEW ARGUMENTS FOR DISMISSAL OF THE CUIPA/CUTPA AND UNJUST ENRICHMENT CAUSES OF ACTION SHOULD BE DENIED AS UNTIMELY

Plaintiffs' initial Complaint included a cause of action pursuant to the Connecticut Unfair Insurance Practices Act ("CUIPA"), C.G.S. § 38a-816, and the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110b et seq. (hereinafter, referred to as a "CUIPA/CUTPA" claim), and a cause of action for Unjust Enrichment. On January 12, 2021, Cigna requested a pre-filing conference in connection with an anticipated Motion to Dismiss the entire Complaint. In the papers filed in support of that request Cigna detailed is planned challenges to all of the causes of action in the Complaint, including the CUIPA/CUTPA claim and the Unjust Enrichment claim. Specifically, at page 8 of Cigna's Memorandum in support of their request to file a motion to

2

6681909v.4

dismiss, Cigna argued that the CUIPA/CUTPA claim should be dismissed for three reasons: (1) it was preempted by ERISA; (2) the claim was not adequately pleaded because it lacked "factual allegations describing conduct proscribed by CUIPA" and merely "recited the statutory provisions but alleged no specific conduct" to support the claim; and (3) the claim failed to allege a "general business practice" of Cigna but only referred to the denial of Plaintiff's reimbursement requests. (*See* Cigna Mem. in Support of Pre-Motion Conference at Dkt # 19, p. 8). Cigna also stated that it would argue that the Unjust Enrichment cause of action was: (1) preempted; and (2) was deficient because it failed to allege that Plaintiff conferred a benefit on Cigna.

Cigna filed its actual Motion to Dismiss the Complaint on April 16, 2021. In its 45 page Memorandum in support of dismissal Cigna essentially advanced the same arguments regarding the CUIPA/CUTPA cause of action they had represented to the Court would be advanced: that the cause of action was preempted, and merely parroted the statutory. Cigna also alleged, as they had in their pre-motion request, that Plaintiff had not adequately alleged that Cigna's conduct was part of a general business practice, although Cigna did not emphasize this point as much as it had in the request for a pre-motion conference. (*See* Cigna Mem. in Support of Dismissal, Dkt. #30, at pp. 26-28).

Similarly, in connection with Plaintiffs' cause of action for Unjust Enrichment, Cigna argued that the claim was preempted by ERISA and that it was not adequately pled because "*Plaintiffs* did not confer a benefit *on Cigna*." Cigna also asserted that "Plaintiffs have not alleged even a single SARS-CoV-2 test that they performed on a Cigna plan member, for which Cigna improperly retained the benefit." (*See* Cigna Mem, Dkt. #30, at pp. 28-29).

In their opposition papers Plaintiffs broadly opposed Cigna's preemption contentions, (*See* Plaintiffs' Memorandum in Opposition to Dismissal at pp. 33-35), and argued further that the

CUIPA/CUTPA claims were not preempted by ERISA, and that they were properly pled. Specifically, Plaintiff explained that the factual support for CUIPA violations was contained throughout the Complaint, which detailed numerous conduct violative of CUIPA/CUTPA, and that those allegations were incorporated by reference into the CUIPA/CUTPA cause of action. (*See* Plaintiffs' Memorandum in Opposition to Dismissal at pp. 36-38; Amended Complaint, ¶ 60-69, 87-102, 152). Similarly, Plaintiff argued that, contrary to Cigna's allegations, Plaintiffs had provided a benefit to Cigna and cited case law in support. (*See* Plaintiffs' Memorandum in Opposition to Dismissal at pp. 38-39).

When the Court first decided Cigna's motion it agreed with Cigna that the CUIPA/CUTPA and Unjust Enrichment casus of action were preempted by ERISA. Because the Court was dismissing the causes of action as preempted by ERISA, the Court did not address Cigna's further argument that the CUIPA/CUTPA and Unjust Enrichment causes of action were no properly pled. *Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*, No. 3:20CV1675(JBA), 2022 WL 743088, at *11 (D. Conn. Mar. 11, 2022) ("The Court thus will not consider whether any potential claims brought under non-ERISA policies plausibly state a claim for relief under state law.").

Plaintiffs sought re-argument and reconsideration, and permission to amend the Complaint, on the ground that the Complaint included claims for services Plaintiffs provided to patients who were not enrolled in ERISA plans, and thus ERISA could not possibly preempt those claims.

Cigna opposed Plaintiffs' Motion for reconsideration. Aside from arguing that the Court should not reconsider its decision because the legal standard for reconsideration was not satisfied, Cigna also referenced the arguments it had made regarding alleged pleading deficiencies in the CUIPA/CUTPA and Unjust enrichment. After citing to the sections of their initial Motion to

Dismiss where those arguments were made, Cigna argued that "Plaintiff's reconsideration request does nothing to cure these continuing pleading defects," leave to amend was not warranted.

The Court agreed with Plaintiffs that ERISA did not preempt Plaintiffs' CUIPA/CUTPA or Unjust Enrichment claims arising out of services billed to non-ERISA plans, and granted Plaintiffs permission to file an amended complaint because "[t]he existence of non-ERISA plans was also not explicitly addressed in Plaintiff's complaint, which stated that '[t]o the extent that claims submitted to Cigna by the Murphy Practice relate to non-ERISA governed health care plans, on information and belief those plans provide coverage for out of network services.'" *Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.,* No. 3:20CV1675(JBA), 2022 WL 10560321, at *2 (D. Conn. Oct. 18, 2022) (*citing* Am. Compl. ¶ 82.). The Court permitted Plaintiffs to file an Amended Complaint to explicitly address the issue.

In accordance with the Court's decision Plaintiffs filed a Second Amended Complaint ("SAC"). The new factual allegations in the SAC were contained under the heading titled "ERISA Plans" (*See* SAC at ¶¶ 70-77), and the addition of a new section titled "NON-ERISA PLANS." (*See* SAC at ¶¶ 91-92). With respect to the CUIPA/CUTPA and Unjust Enrichment causes of action, the entirety of new allegations was as follows:

> 124. The Murphy Practice treated patients with ERISA plans and patients with non-ERISA plans.

> 125. This claim concerns patients with non-ERISA plans.

In addition, although both the First Amended Complaint and the SAC Plaintiffs included the following paragraph in their CUIPA/CUTPA and Unjust Enrichment causes of action;

> 121. The Murphy Practice and Dr. Murphy repeat, reiterate, and re-allege each and every allegation contained above, as if more fully set forth at length herein.

5

Plaintiffs also added the bracketed language below:

> 128.    Cigna's actions, [including its refusal to comply with the FFCRA and the CARES Act, as well as those actions described above at paragraphs 83 through 90, and 93 through 95]  constitute unfair claims settlement practices in violation of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. § 38a-816.[1]

Cigna now requests permission to file an <u>entirely new</u> Motion to Dismiss the CUIPA/CUTPA and Unjust Enrichment causes of action.  Aside from asking the Court to consider the arguments they have previously advanced regarding alleged defects in the pleading of CUIPA/CUTPA and Unjust Enrichment causes of action, Cigna requests permission to argue that the pleadings suffer from numerous <u>additional</u> alleged defects that Cigna has never raised before,. Cigna offers no explanation for why they should be permitted to do so.

For example, in Cigna's recent application, (*See* Cigna's Motion for Pre-filing Conference, Dkt. # 78), they advance the new arguments that :

- The Second Amended Complaint does not allege the existence of a single "non-ERISA plan" that purportedly covers" any of the Cigna members whose treatment is at issue in this case.

- Plaintiffs have not alleged any conduct involving the "business of insurance." CUIPA is expressly limited to "unfair methods of competition and unfair and deceptive acts or   practices in the business of insurance[.]" C.G.S.A. § 38a-816.

- Plaintiffs were not insured, and they cannot assert a CUIPA claim for unfair claims settlement practices, because "the right to assert a private cause of action for CUIPA violations through CUTPA does not extend to third parties absent subrogation or a judicial

---

[1] This is not a substantive modification of the pleading, and, in any event, it merely addresses one of the issues that Cigna has raised previously and that Plaintiff agrees Cigna is entitled to renew – that the CUIPA/CUTPA cause of action lacks detailed factual allegations.

6

determination of the insured's liability." (citing *Carford v. Empire Fire & Marine Ins. Co.*, 94 Conn. App. 41, 53, 891 A.2d 55, 62 (Conn. App. 2006).

- Plaintiffs allege that "Cigna was obligated to pay for these services." But, as discussed above, Plaintiffs have not alleged how this is so, especially with respect to the self-funded plans at issue. (citing SAC, at ¶ 153).

Cigna has never advanced any of these arguments before, nor have they even attempted to explain why the technical modifications to the SAC described above, which merely clarify that the CUIPA/CUTPA and Unjust Enrichment causes of action relate to non-ERISA plans, would justify bringing up new arguments at this late juncture, when Cigna has had multiple opportunities to raise them previously, but failed to do so. Put simply, Cigna's new arguments are not directed <u>at the modifications</u> made to the CUIPA/CUTPA and Unjust Enrichment causes of action in the SAC. They are arguments directed at the unchanged language and legal theories of the CUIPA/CUTPA and Unjust Enrichment causes of action, that have been part of Plaintiff's case since the initiation of the action. There is no reason Cigna could not have raised them earlier.

For example, none of these arguments were raised in Cigna's first request for a pre-motion conference or in Cigna's first Motion to Dismiss. Similarly, when the Court granted Cigna leave to oppose Plaintiffs' request for reconsideration of the Court's dismissal of the CUIPA/CUTPA and Unjust Enrichment causes of action, Cigna did not raise these arguments. Certainly at each of these points Cigna had the opportunity to argue that the Complaint should be dismissed, or that the filing of an amended complaint would be futile, because there was no subrogation agreement, or because Cigna was not in the "business of insurance," but they chose not to do so.

Instead, at every step of the way Cigna limited its arguments for dismissal of the CUIPA/CUTPA and Unjust Enrichment causes of action to ERISA preemption and their assertion

7

that the claims should be dismissed for failing to allege a general business practice or because detail was lacking in the pleading of the actual cause of action.

Now, apparently realizing that they are unlikely to prevail on the weak arguments they have been pressing all along, Cigna has come up with new arguments that they hope will be more persuasive. What Cigna had not done is explain why they are entitled to a second bite at the apple.

In essence, Cigna is, or should be, making a motion for reconsideration – Cigna understandably wants the Court to reconsider the arguments regarding dismissal of the CUIPA/CUTPA and Unjust Enrichment causes of action that Cigna advanced in its initial motion, but that the Court never addressed because it initially granted dismissal on preemption grounds. Now that the Court has permitted Plaintiffs to reinstate part of the CUIPA/CUTPA and Unjust Enrichment causes of action, it is appropriate for the Court to address those arguments.

However, there is no reason to permit Cigna to advance entirely new arguments for dismissal of the CUIPA/CUTPA and Unjust Enrichment causes of action because Cigna "has offered no reason for its failure to raise them to the Court earlier in the proceedings." *AlexSam, Inc. v. Aetna, Inc.*, No. 3:19-CV-01025 (VAB), 2021 WL 3268853, at *7 (D. Conn. July 30, 2021) (citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration is "not a vehicle for ... presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' "); *Universitas Educ., LLC v. T.D. Bank*, No. 15-CV-5643 (SAS), 2016 WL 80210, at *1-2 (S.D.N.Y. Jan. 5, 2016) (noting that a motion for reconsideration is not "an opportunity for making new arguments that could have been previously advanced" and finding as untimely an argument raised for the first time in a motion for reconsideration) (internal quotation marks and citations omitted).

6681909v.4

In sum, Cigna has, up until this point, asserted in: (1) its pre-motion application; (2) its Motion to Dismiss; and (3) its opposition to Plaintiff's Motion for Reconsideration, the same distinct arguments. As explained above, due to its preemption ruling, the Court has never fully addressed those arguments. Consequently, Cigna should be permitted to renew those specific arguments. They should not, at this late hour, be permitted to come up with new theories under which to attack the very same pleading language that has been in Plaintiff's complaints all along.

<u>**CONCLUSION**</u>

The Court should grant Cigna's request to reconsider the arguments Cigna has previously advanced for dismissal of the CUIPA/CUTPA and Unjust Enrichment causes of action, but the Court should deny Cigna permission to file a new motion, raising new arguments or theories.

Dated: Stamford, Connecticut
   December 12, 2022

PLAINTIFFS MURPHY MEDICAL ASSOCIATES, LLC, DIAGNOSTIC AND MEDICAL SPECIALISTS OF GREENWICH, LLC, NORTH STAMFORD MEDICAL ASSOCIATES, LLC, COASTAL CONNECTICUT MEDICAL GROUP, LLC AND STEVEN A.R. MURPHY, MD

By:   */s/ John Martin*
    John G. Martin (*pro hac vice*)
    Michael J. Keane, Jr. [ct29455]

**GARFUNKEL WILD, P.C.**
350 Bedford Street, Suite 406A
Stamford, Connecticut 06901
Phone: (203) 316-0483
Fax: (203) 316-0493

9

6681909v.4