**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MURPHY MEDICAL ASSOCIATES, LLC; DIAGNOSTIC AND MEDICAL SPECIALISTS OF GREENWICH, LLC; NORTH STAMFORD MEDICAL ASSOCIATES, LLC; COASTAL CONNECTICUT MEDICAL GROUP, LLC; and STEVEN A.R. MURPHY, MD, | : | 3:20-cv-01675-JBA |
| Plaintiffs/Counterclaim-Defendants, | : | June 9, 2023 |
| v. | : | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, | : | |
| Defendants/Counterclaim-Plaintiffs. | : | |

**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants, Cigna Health and Life Insurance Company ("Cigna Health") and Connecticut General Life Insurance Co. ("CGLIC") (collectively, "Defendants") hereby respond to the allegations in Plaintiffs' Third Amended Complaint, and further assert affirmative defenses as follows:

## INTRODUCTION[1]

1. Defendants deny the allegations in paragraph 1 of the Third Amended Complaint, but admit only that Plaintiffs claim entitlement to payment for COVID-related health services they allegedly provided to Cigna members. To the extent paragraph 1 asserts conclusions of law, no response is required form Defendants.

[1] Defendants include Plaintiffs' section headings for convenience only, and deny the truth of the facts stated in those headings.

2. Defendants deny the allegations in paragraph 2 of the Third Amended Complaint but, admit only that Cigna determined that Plaintiffs are not entitled to the claimed reimbursement amounts.

3. Defendants deny the allegations in paragraph 3 of the Third Amended Complaint.

**JURISDICTION AND VENUE**

4. The allegations in paragraph 4 of the Third Amended Complaint constitute conclusions of law as to which no response is required from Defendants. Cigna admits only that the Court has subject matter jurisdiction over Plaintiffs' ERISA claim.

5. The allegations in paragraph 5 of the Third Amended Complaint constitute conclusions of law as to which no response is required from Defendants.

6. The allegations in paragraph 6 of the Third Amended Complaint constitute conclusions of law as to which no response is required from Defendants. Cigna admits only that Defendants are subject to personal jurisdiction in this District.

7. The allegations in paragraph 7 of the Third Amended Complaint constitute conclusions of law as to which no response is required from Defendants. Cigna admits only that venue is proper in this District.

**PARTIES**

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

12. Defendants admit the allegations in paragraph 12 of the Third Amended Complaint.

13. Defendants admit the allegations in paragraph 13 of the Third Amended Complaint.

**RELEVANT FACTS**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

**<u>The Murphy Practice's COVID-19 Response</u>**

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

28. Defendants deny that the allegations set forth in paragraph 28 of the Third Amended Complaint are a complete and accurate statement of the Frequently Asked Questions ("FAQs"), which speak for themselves.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

38. Defendants deny the allegations in paragraph 38 of the Third Amended Complaint.

39. Defendants deny the allegations in paragraph 39 of the Third Amended Complaint.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

**The Requirement that Health Plans Cover COVID-19 Testing and Related Services**

44. The allegations set forth in paragraph 44 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

45. The allegations set forth in paragraph 45 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

46. The allegations set forth in paragraph 46 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

47. The allegations set forth in paragraph 47 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

48. The allegations set forth in paragraph 48 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

49. Defendants admit only that some healthcare providers may be considered either "in-network" or "out-of-network" with respect to services provided to benefit plan member. Defendants deny the remaining allegations in paragraph 49 of the Third Amended Complaint.

50. Defendants admit only that a healthcare provider considered "out-of-network" generally does not have a contract governing services provided to a benefit plan member. Defendants deny the remaining allegations of paragraph 50 of the Third Amended Complaint.

51. Defendants deny that the allegations set forth in paragraph 51 of the Third Amended Complaint are a complete and accurate statement of the FAQs, which speak for themselves.

52. Defendants deny allegations set forth in paragraph 52 of the Third Amended Complaint.

53. Defendants deny that the allegations set forth in paragraph 53 of the Third Amended Complaint are a complete and accurate statement of the FFCRA and CARES Acts, which speak for themselves. To the extent the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

54. Defendants deny that the allegations set forth in paragraph 54 of the Third Amended Complaint are a complete and accurate statement of the FFCRA and CARES Acts, which speak for themselves. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

55. Defendants deny that the allegations set forth in paragraph 55 of the Third Amended Complaint are a complete and accurate statement of the FFRCA and CARES Acts. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

56. Defendants deny that the allegations set forth in paragraph 56 of the Third Amended Complaint are a complete and accurate statement of the FFCRA and CARES Acts. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

57. Defendants deny the allegations in paragraph 57 of the Third Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of the Third Amended Complaint.

## **Cigna's Failure to Follow the Law**

59. Defendants deny the allegations in paragraph 59 of the Third Amended Complaint.

60. Defendants deny the allegations paragraph 60 of the Third Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of the Third Amended Complaint.

62. Defendants deny the allegations in paragraph 62 of the Third Amended Complaint.

63. Defendants deny that the allegations set forth in paragraph 63 of the Third Amended Complaint are a complete and accurate statement of the FAQs, which speak for themselves. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

64. Defendants deny the allegations in paragraph 64 of the Third Amended Complaint.

65. Defendants deny the allegations in paragraph 65 of the Third Amended Complaint.

66. Defendants deny the allegations in paragraph 66 of the Third Amended Complaint.

67. Defendants deny the allegations in paragraph 67 of the Third Amended Complaint.

68. Defendants deny the allegations in paragraph 68 of the Third Amended Complaint.

69. Defendants deny the allegations in paragraph 69 of the Third Amended Complaint.

## ERISA Plans

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

71. The allegations set forth in paragraph 71 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

72. The allegations set forth in paragraph 72 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

73. Defendants deny the allegations in paragraph 73 of the Third Amended Complaint as alleged, but admit that Defendants administer some plans that cover certain out-of-network benefits.

74. Defendants deny the allegations in paragraph 74 of the Third Amended Complaint.

75. Defendants deny the allegations in paragraph 75 of the Third Amended Complaint.

76. Defendants deny the allegations in paragraph 76 of the Third Amended Complaint.

77. Defendants deny the allegations in paragraph 77 of the Third Amended Complaint.

**ERISA Assignments of Benefits**

78. Defendants admit the allegations in paragraph 78 of the Third Amended Complaint.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

81. The allegations set forth in paragraph 81 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

82. The allegations set forth in paragraph 82 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

**Cigna's Procedural Violations**

83. Defendants deny the allegations in paragraph 83 of the Third Amended Complaint.

84. The allegations set forth in paragraph 84 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the

allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

85. The allegations set forth in paragraph 85 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

86. The allegations set forth in paragraph 86 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

89. Defendants deny the allegations in paragraph 89 of the Third Amended Complaint.

90. Defendants deny the allegations in paragraph 90 of the Third Amended Complaint.

**Non-ERISA Plans**

91. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

92. Defendants deny the allegations in paragraph 92 of the Third Amended Complaint.

93. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

94. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

95. Defendants deny the allegations in paragraph 95 of the Third Amended Complaint.

96. Defendants deny the allegations in paragraph 96 of the Third Amended Complaint.

97. Defendants deny the allegations in paragraph 97 of the Third Amended Complaint.

98. Defendants deny the allegations in paragraph 98 of the Third Amended Complaint.

99. Defendants deny the allegations in paragraph 99 of the Third Amended Complaint.

100. Defendants deny the allegations in paragraph 100 of the Third Amended Complaint.

101. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof. Defendants deny the allegation that Cigna did not provide appropriate reimbursement.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof. Defendants deny the allegation that Cigna did not provide appropriate reimbursement.

103. Defendant deny the allegations in paragraph 103 of the Third Amended Complaint.

**FIRST CAUSE OF ACTION**

104. Defendants repeat each response set forth above.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

108. The allegations set forth in paragraph 108 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations or are asserted as a complete and accurate statement of the FFCRA and CARES Acts, Defendants deny them.

109. Defendants deny the allegations in paragraph 109 of the Third Amended Complaint.

110. Defendants deny the allegations in paragraph 110 of the Third Amended Complaint.

111. Defendants deny the allegations in paragraph 111 of the Third Amended Complaint.

112. Defendants deny the allegations in paragraph 112 of the Third Amended Complaint.

113. The allegations set forth in paragraph 113 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof. To the extent that the allegations set forth in this paragraph are interpreted to constitute a complete and accurate statement of the FFCRA and CARES Acts, Defendants deny such allegations.

115. Defendants deny the allegations in paragraph 115 of the Third Amended Complaint.

116. Defendants deny the allegations in paragraph 116 of the Third Amended Complaint.

117. Defendants deny the allegations in paragraph 117 of the Third Amended Complaint.

118. Defendants deny the allegations in paragraph 118 of the Third Amended Complaint.

119. Defendants deny the allegations in paragraph 119 of the Third Amended Complaint.

120. Defendants deny the allegations in paragraph 120 of the Third Amended Complaint.

## SECOND CAUSE OF ACTION

121. Defendants repeat each response set forth above.

122. Defendants admit the allegations in paragraph 122 of the Third Amended Complaint.

123. Defendants admit only that Cigna issues and/or administers certain health benefit plans. The remaining allegations set forth in paragraph 123 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the remaining allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

124. Defendants admit only that Cigna insures certain health benefit plans. The remaining allegations set forth in paragraph 124 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the remaining allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

125. Defendants admit only that Plaintiffs have submitted claims for reimbursement to Cigna. Defendants deny the remaining allegations set forth in paragraph 125 of the Third Amended Complaint.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

127. Defendants admit only that Cigna insures and/or administers certain non-ERISA health benefit plans. The remaining allegations set forth in paragraph 127 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that

the remaining allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

128. The allegations set forth in paragraph 128 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

129. The allegations set forth in paragraph 129 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

130. The allegations set forth in paragraph 130 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

131. The allegations set forth in paragraph 131 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

132. The allegations set forth in paragraph 132 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

133. The allegations set forth in paragraph 133 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

134. The allegations set forth in paragraph 134 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

135. Defendants deny the allegations in paragraph 135 of the Third Amended Complaint.

136. Defendants deny the allegations in paragraph 136 of the Third Amended Complaint.

137. Defendants deny the allegations in paragraph 137 of the Third Amended Complaint.

138. Defendants deny the allegations in paragraph 138 of the Third Amended Complaint.

139. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs unnecessary. To the extent that the allegations set forth in paragraph 139 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

140. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs

unnecessary. To the extent that the allegations set forth in paragraph 140 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

141. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs unnecessary. To the extent that the allegations set forth in paragraph 141 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

142. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs unnecessary. To the extent that the allegations set forth in paragraph 142 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

143. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs unnecessary. To the extent that the allegations set forth in paragraph 143 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

144. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs unnecessary. To the extent that the allegations set forth in paragraph 144 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

145. Defendants deny the allegations in paragraph 145 of the Third Amended Complaint.

146. Defendants deny the allegations in paragraph 146 of the Third Amended Complaint.

147. Defendants deny the allegations in paragraph 147 of the Third Amended Complaint.

148. Defendants deny the allegations in paragraph 148 of the Third Amended Complaint.

149. The Court has dismissed with prejudice Plaintiffs' CUTPA claim to the extent it is based on violation of CUIPA, making a response to the allegations set forth in these paragraphs unnecessary. To the extent that the allegations set forth in paragraph 142 of the Third Amended Complaint are interpreted to be relevant to remaining claims, Defendants deny them.

150. Defendants deny the allegations in paragraph 150 of the Third Amended Complaint.

151. Defendants deny the allegations in paragraph 151 of the Third Amended Complaint.

152. Defendants deny the allegations in paragraph 152 of the Third Amended Complaint.

153. Defendants deny the allegations in paragraph 153 of the Third Amended Complaint.

154. Defendants deny the allegations in paragraph 154 of the Third Amended Complaint.

155. Defendants deny the allegations in paragraph 155 of the Third Amended Complaint.

156. Defendants deny the allegations in paragraph 156 of the Third Amended Complaint.

157. Defendants deny the allegations in paragraph 157 of the Third Amended Complaint.

158. Defendants deny the allegations in paragraph 158 of the Third Amended Complaint.

159. Defendants deny the allegations in paragraph 159 of the Third Amended Complaint.

160. Defendants deny the allegations in paragraph 160 of the Third Amended Complaint.

161. Defendants deny the allegations in paragraph 161 of the Third Amended Complaint.

162. The allegations set forth in paragraph 162 of the Third Amended Complaint constitute conclusions of law as to which no response is required. To the extent that the allegations set forth in this paragraph are interpreted to include any factual allegations, Defendants deny them.

163. Defendants deny the allegations in paragraph 163 of the Third Amended Complaint.

164. Defendants deny the allegations in paragraph 164 of the Third Amended Complaint.

165. Defendants deny the allegations in paragraph 165 of the Third Amended Complaint.

166. Defendants deny the allegations in paragraph 166 of the Third Amended Complaint.

167. Defendants deny the allegations in paragraph 167 of the Third Amended Complaint.

**THIRD CAUSE OF ACTION**

168-181. The Court has dismissed this cause of action with prejudice, making a response unnecessary. To the extent that the allegations set forth in these paragraphs are interpreted to be relevant to remaining claims, Defendants deny them.

**FOURTH CAUSE OF ACTION**

182. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

183. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Third Amended Complaint, and therefore leave Plaintiffs to their proof.

184. Defendants deny the allegations in paragraph 184 of the Third Amended Complaint.

185. Defendants deny the allegations in paragraph 185 of the Third Amended Complaint.

186. Defendants deny the allegations in paragraph 186 of the Third Amended Complaint.

187. Defendants deny the allegations in paragraph 187 of the Third Amended Complaint.

188. Defendants deny the allegations in paragraph 188 of the Third Amended Complaint.

189. Defendants deny the allegations in paragraph 189 of the Third Amended Complaint.

**Prayer for Relief**

As to the section of the Third Amended Complaint beginning "WHEREFORE" located on page 36 of the Third Amended Complaint, this section merely contains statements of the nature of relief Plaintiffs seek, and no answer is required. To the extent that a response may be necessary, Defendants deny that Plaintiffs have any basis for or entitlement to any of the relief requested.

Any other allegations of the Third Amended Complaint that are not specifically admitted herein are denied.

**DEFENSES**

For their defenses, Defendants allege, without assuming any burden of proof that would otherwise rest on Plaintiffs, as follows:

**FIRST DEFENSE**

Plaintiffs lack standing to assert claims for benefits belonging to participants and/or beneficiaries of health plans that Defendants administer.

**SECOND DEFENSE**

Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs have failed to exhaust administrative remedies regarding their claims.

**FOURTH DEFENSE**

Defendants complied with and performed all of their obligations and duties under the relevant plan documents, and the handling of all claims at issue complied with all applicable laws and regulations.

**FIFTH DEFENSE**

Plaintiffs seek payment for services that were not medically necessary and/or not covered under the terms of the relevant plans.

**SIXTH DEFENSE**

Plaintiffs' claims are barred for failure to comply with the terms and conditions of the relevant plans.

**SEVENTH DEFENSE**

If the Court determines that either Defendant materially erred in administering any member's ERISA claim for benefits, which is denied, then the Court should remand the claim to the appropriate Defendant for further administrative processing in accordance with such determination before reaching any judicial decision as to Plaintiffs' entitlement to benefits.

**EIGHTH DEFENSE**

Plaintiffs' ERISA claims are limited in this action to a review by this Court, without any jury, of the Administrative Record pertaining to the claim, including applicable Plan documents, so as to determine whether Defendants' determinations were arbitrary and capricious, and/or an abuse of discretion, and/or incorrect.

**NINTH DEFENSE**

To the extent the relevant ERISA plan documents afford Defendants the discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the plan, the Court should apply an arbitrary and capricious standard of review in reviewing claim decisions. Defendants' decisions and actions claim were neither arbitrary nor capricious but were correct, legitimate, and reasonable.

**TENTH DEFENSE**

Defendants' interpretation of the relevant ERISA plan documents was reasonable and its claim determination was supported by substantial evidence.

**ELEVENTH DEFENSE**

To the extent Plaintiffs seek remedies not provided for under ERISA, those claims and remedies are preempted by ERISA.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred by unclean hands.

**THIRTEENTH DEFENSE**

Plaintiff has no claim for payment of attorney's fees under ERISA because Defendants' handling of the claims was reasonable and all actions were taken in good faith.

**FOURTEENTH DEFENSE**

Defendants' decisions and actions with respect to the claim at issue were based on the information before them at the time. To the extent Plaintiff's Complaint impermissibly attempts to inject facts, issues and materials into this case that were not part of the Administrative Records before Defendants, such facts, issues and materials are not admissible in this proceeding and must be stricken.

**FIFTEENTH DEFENSE**

While Defendants deny that Plaintiffs are eligible for any additional benefits under any plans, should Plaintiffs recover any benefits, such benefits are subject to all of the applicable terms, conditions, exclusions, overpayment recovery, and offset provisions provided for in the relevant plan documents.

**SIXTEENTH DEFENSE**

All communications Defendants had with their members or anyone else regarding claims for services submitted by Plaintiffs were required or authorized by ERISA, the plan documents, and/or applicable regulations.

**SEVENTEENTH DEFENSE**

All communications Defendants had with their members or anyone else regarding claims for services submitted by Plaintiffs were true and accurate.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, on the grounds that Defendants have discharged their obligations to Plaintiffs and/or under the relevant plans.

**NINETEENTH DEFENSE**

Any damages Plaintiffs suffered are a result of their own intentional, reckless and/or negligent conduct.

**TWENTIETH DEFENSE**

Plaintiffs' claim are barred, in whole or in part, because of Plaintiffs' failure to mitigate their damages.

Defendants reserve the right to rely upon such other and further affirmative defenses as may be supported by the facts as the case progresses.

**DEFENDANTS' COUNTERCLAIMS**

Defendants, Cigna Health and Life Insurance Company ("Cigna Health") and Connecticut General Life Insurance Co. ("CGLIC") (collectively, "Cigna"), for their counterclaims against Counterclaim Defendants, Murphy Medical Associates, LLC; Diagnostic and Medical Specialists of Greenwich, LLC; North Stamford Medical Associates, LLC; Coastal Connecticut Medical

Group, LLC; and Steven A.R. Murphy, MD (collectively, "Murphy Medical") in this action, allege as follows:

**Introduction**

1. Murphy Medical are opportunistic medical providers who sought to capitalize on a public health crisis. For example, Murphy Medical's own public communications demonstrate a practice of gross over-charging for testing services, asserting that they will charge insurers $1,500 for an in-house "multiplex" test that they provided to people seeking only a COVID test, while at the same time listing a price to insurers of $200 to $600 for a COVID test submitted to an outside lab. See http://coronatestct.com.

2. Murphy Medical steered asymptomatic people seeking a basic COVID test to the more-expensive (and more profitable for plaintiffs) multiplex test, absent a valid clinical determination that such a test was medically necessary. As to at least some people seeking a COVID test, Murphy Medical represented that they would not be charged anything for the more-expensive test, and that they could receive the results more quickly than with the less-expensive test.

3. Murphy Medical also sought payment for medical services that they did not perform as billed, including Evaluation/Management Services and Preventive Health Counseling that either were not provided at all or were "upcoded" (misrepresented as a higher level of service than what was actually performed).

4. Murphy Medical also failed to post cash prices as required by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136.

5. Murphy Medical's activities concerning COVID testing generated multiple consumer complaints and media attention. *See, e.g.*, Sarah Kliff, *These Towns Trusted a Doctor*

*to Set Up Covid Testing. Sample Patient Fee: $1,944*, N.Y. TIMES, Nov. 10, 2020 (updated Nov. 12, 2020), https://www.nytimes.com/2020/11/10/upshot/covid-testing-doctor-fees.html; Inside Edition Staff, *Family Says Nearly $7,000 COVID-19 Test Bill Includes $480 Charge for Phone Call Telling Them Results*, INSIDE EDITION, Nov. 12, 2020, https://www.insideedition.com/family-says-nearly-7000-covid-19-test-bill-includes-480-charge-for-phone-call-telling-them-results; Breen, Thomas, *Covid-Test Doc's Woes Mount; UNH Bails*, New Haven Independent, Nov. 16, 2020, https://www.newhavenindependent.org/index.php/archives/entry/murphy_update/.

6. In the face of Murphy Medical's actions and billing practices for COVID testing, Cigna undertook an investigation concerning their requests for payment for COVID testing. Cigna's investigation included steps such as flagging Murphy Medical's claims to require submission of medical records to document that they performed the services for which they sought payment; advising Murphy Medical that unsupported or improperly billed claims would not be paid; and seeking repayment from Murphy Medical for improper or otherwise falsely submitted claims.

**Cigna's SIU Investigations**

7. As a result of a prior investigation by Cigna's Special Investigations Unit ("SIU"), Cigna terminated Murphy Medical's participating provider status effective July 1, 2019 based on Murphy Medical's failure to produce medical records to substantiate billed services. After July 1, 2019, Murphy Medical billed Cigna as an out-of-network provider.

8. Subsequently, in or about April 2020, the SIU became aware that Murphy Medical was billing high level evaluation and management codes at mobile COVID test sites, billing for

preventive screenings on the same dates, and billing excessive rates for COVID testing. As a result, Cigna's SIU initiated another investigation of Murphy Medical.

9. Cigna also received multiple complaints from Cigna members, reporting that Murphy Medical had billed for COVID-related services that they did not ask for and/or did not receive.

10. Based on the SIU investigation, Cigna determined that Murphy Medical routinely billed for Multiplex Respiratory Panel tests (CPT 87633) with COVID-related diagnosis codes (Z20.828 and B97.29), as well as a non-COVID diagnosis code (B349).

11. Murphy Medical also billed for Evaluation/Management Visits (CPT 99214) and Preventive Medicine Counseling (CPT 99401) on the same day as the Multiplex Respiratory Panel.

12. The SIU investigation included interviews of Cigna members for whom Murphy Medical had submitted claims. These Cigna members reported that they had obtained COVID testing at a drive-through testing location.

13. Cigna members whom Murphy Medical billed for follow-up telemedicine consultations told Cigna that those telemedicine consultations consisted only of phone calls advising of a positive or negative COVID-19 test result.

14. The SIU sent Verification of Service (VOS) letters to a sample of 100 Cigna members with dates of service after March 15, 2020. A total of 38 VOS letters were completed and returned. 29 of those 38 responses indicated that Murphy Medical did not provide the services they billed for. For example, Cigna members reported seeking only a COVID test, while Murphy Medical submitted claims for a Multiplex Respiratory Panel. Cigna members also reported that

they did not receive Evaluation/Management and Preventive Medicine services from Murphy Medical.

15. Some Cigna members who Murphy Medical had billed for COVID-related services reported that that they never went to a COVID test site operated by Murphy Medical, and never requested COVID diagnostic or antibody testing from Murphy Medical.

16. Based on the initial SIU investigation, Cigna placed flags on Murphy Medical's claims as of May 15, 2020, pursuant to which Cigna required Murphy Medical to provide medical records in support of a claim prior to payment approval. Murphy Medical failed or refused to comply with the majority of such requests.

17. In or about July 2020, Murphy Medical agreed to provide Cigna with medical records for ten Cigna members whose claims had already been processed and paid by Cigna. Cigna received those records in September 2020.

18. Cigna's review of the medical records revealed multiple errors and issues, including services not rendered as billed, incorrect coding, and insufficient documentation.

19. The submitted medical records did not support billing by Murphy Medical for Evaluation/Management Services (CPT 99202, 99212, 99213, and 99214). The records did not document the type of detailed lung or cardiac assessments necessary to evaluate suspected respiratory illness. All the medical records furnished by Murphy Medical were signed and dated August 14, 2020 by Dr. Murphy, regardless of the date of service. The records did not indicate where the services allegedly were performed, and the diagnoses in the records did not match the diagnoses on the claims.

20. Murphy Medical's records also failed to support billing for Respiratory Panel Testing (CPT 87633). All Respiratory Panel lab work was signed and dated August 14, 2020

regardless of the date of service. Cigna member interviews demonstrated that they did not ask for, and were not told they were tested for respiratory pathogens other than COVID, and the only test results communicated were for COVID. Members also reported only one nasal swab being taken despite Murphy Medical billing for both in-house Respiratory Panel testing and antigen testing performed by an outside lab.

21. Murphy Medical's records included no information supporting Preventive Medicine Counseling (CPT 99401) services, which included supposed dietary counseling, exercise counseling, and counseling related to COVID precautions and hygiene. Cigna members reported receiving no such counseling.

22. The records also failed to support Murphy Medical's billing for Laboratory Testing, such as the dates of specimen collection or testing performance, or multiple pathogen testing.

23. Cigna's investigation also determined that Murphy Medical billed more than $45,000 for a single member, D.J., for 60 claims between June 2020 and January 2021, including for respiratory panel testing, COVID testing, Evaluation/Management Services, and Preventive Medicine Counseling, with most of the claims specifying a diagnosis of suspected exposure to viral communicable diseases.

24. As a result of its analysis and investigation, Cigna determined that it had overpaid Murphy Medical on the claims listed on **Exhibits A and B**. Upon information and belief, ERISA governs the claims on Exhibit A, and ERISA does not govern the claims on Exhibit B

25. In March and April 2021, Cigna requested repayment from Murphy Medical in the amount of $468,829.28.

26. To date, Murphy Medical has failed and refused to repay Cigna.

**First Counterclaim – Recoupment of Overpayments Under 29 U.S.C. § 1132(a)(3)**

27. Cigna incorporates the allegations set forth in the preceding paragraphs of the Counterclaims.

28. Cigna, acting as a fiduciary of ERISA-governed plans that it insures and/or administers ("ERISA Plans"), seeks, pursuant to rights created under plan terms, to enforce the terms of the plans and recover identified overpayment amounts made by the ERISA Plans to Murphy Medical.

29. The ERISA Plans allow Cigna to recover overpayments for claims submitted by medical providers.

30. Cigna was induced to make the payments set forth in **Exhibit A** to Murphy Medical by means of Murphy Medical's false, misleading, deceptive and/or unsupported claims. As to such payments, there exists an equitable right of recovery on behalf of the ERISA Plans. Such claims involve specific payment amounts that Murphy Medical received and as to which they had no right to possess.

31. As a result of Murphy Medical's false claims submissions and deceptive billing practices, Murphy Medical received from Cigna payment of ERISA Plan assets in an amount to be determined at trial.

32. These ERISA Plan assets belong in good conscience to Cigna and/or the ERISA Plans because, as a result of Murphy Medical's false, misleading, deceptive and/or unsupported claims, no reimbursement was due to them under the terms of the ERISA Plans.

33. Murphy Medical should not be permitted to retain the benefit of such ERISA Plan assets, which were not due under the terms of the ERISA Plans.

34. An equitable lien by agreement exists in accordance with the ERISA Plan provisions governing recoupment of overpayments.

35. Murphy Medical is obligated, based on equitable principles and/or the ERISA Plans' overpayment provisions, to return to Cigna, as agent for the ERISA Plans it administers, the identified claim payments Murphy Medical received for services to Cigna members billed under those ERISA Plans.

**Second Counterclaim – Recoupment of Overpayments Under Non-ERISA Plans**

36. Cigna incorporates the allegations set forth in the preceding paragraphs of the Counterclaims.

37. Cigna administers certain plans that are exempt from, or otherwise not governed by, ERISA ("Non-ERISA Plans").

38. Cigna seeks to enforce the terms of the Non-ERISA Plans in order to recover identified overpayment amounts made by Cigna to Murphy Medical.

39. As a result of Murphy Medical's false claims submissions and deceptive billing practices, Murphy Medical received from Cigna the payments set forth in **Exhibit B** on behalf of members who participated in the Non-ERISA Plans funds in an amount to be determined at trial.

40. These funds belong in good conscience to Cigna because, as a result of Murphy Medical's false, misleading, deceptive and/or unsupported claims, no reimbursement was due to Murphy Medical under the terms of the Non-ERISA Plans.

41. Murphy Medical should not be permitted to retain the benefit of such funds, which were not due under the terms of the Non-ERISA Plans.

42. Murphy Medical is obligated, based on equitable principles such as unjust enrichment, restitution, and disgorgement, to return to Cigna the identified claim payments they received for services to Cigna members billed under the Non-ERISA Plans.

**Third Counterclaim – Fraudulent Misrepresentation**

43. Cigna incorporates the allegations contained in the preceding paragraphs of the Counterclaims.

44. Murphy Medical submitted or caused to be submitted claims to Cigna seeking reimbursement for COVID-related services allegedly provided to the Cigna members listed in Exhibit 1. The claims submitted for such charges were materially false, because Murphy Medical represented that: the medical services billed were actually performed; that the services were performed by a practitioner acting within the scope of his or her license; and that the services were medically necessary and clinically appropriate.

45. When Murphy Medical submitted or caused to be submitted each claim to Cigna, they knew that the claims were false and misleading because, among other reasons, Murphy Medical sought payment for asymptomatic Cigna members who sought a COVID test but did not require a multiplex respiratory test, or Evaluation/Management Services, or Preventive Medicine Counseling; and/or the services for which they were billing had not been performed as billed.

46. Murphy Medical concealed and failed to disclose material information regarding the medical services for which they billed Cigna.

47. Murphy Medical submitted or caused to be submitted the claims to Cigna with the intent to defraud Cigna by inducing Cigna to rely on the false representations by paying the false and misleading charges.

48. Cigna reasonably relied on such material false statements and omissions and paid the false and misleading claims submitted by Murphy Medical.

49. In reliance on such fraudulent conduct, Cigna was damaged in an amount to be determined at trial.

**Fourth Counterclaim – Negligent Misrepresentation**

50. Cigna incorporates the allegations contained in the preceding paragraphs of the Counterclaims.

51. Murphy Medical negligently submitted or caused to be submitted claims to Cigna seeking reimbursement for COVID-related services allegedly provided to the Cigna members listed in Exhibit 1. The claims submitted for such charges were materially false, because Murphy Medical falsely represented that the medical services billed were actually performed; that the services were performed by a practitioner acting within the scope of his or her license; and that the services were medically necessary and clinically appropriate.

52. Murphy Medical submitted or caused to be submitted the information in each claim in the course of its business. Cigna relied on the information Murphy Medical submitted to determine reimbursement amounts paid to Murphy Medical.

53. Murphy Medical's claims submissions included misrepresentations as set forth in preceding paragraphs.

54. Cigna reasonably relied on such material false statements and omissions and paid the false and misleading claims Murphy Medical submitted.

55. In reliance on Murphy Medical's negligent misrepresentations, Cigna was damaged in an amount to be determined at trial.

**Fifth Counterclaim – CUTPA Violation**

56. Cigna incorporates the allegations contained in the preceding paragraphs of the Counterclaims.

57. The Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat., §42-110b et seq., protects consumers and businesses against fraud, unfair methods of competition, and other unfair and deceptive business practices.

58. Murphy Medical engaged in unfair and deceptive billing practices that violate CUTPA. Murphy Medical submitted claims to Cigna that were deceptive because Murphy Medical falsely represented that the medical services billed were actually performed; that the services were performed by a practitioner acting within the scope of his or her license; and that the services were medically necessary and clinically appropriate.

59. Murphy Medical submitted unfair and deceptive claims for reimbursement of Respiratory Panel Tests that were unnecessary and never disclosed to Cigna members.

60. Murphy Medical's billing for Respiratory Panel Tests was also unfair and deceptive because it was part of a scheme to employ unnecessary and expensive BioFire testing not required to test for COVID.

61. Murphy Medical also deceptively and unfairly billed for Respiratory Panel Tests based on a purported "cash price" of $1,500, which was false and did not constitute a valid cash price for the testing as required by Section 3202(b)(1) of the CARES Act, and/or the regulations implementing that provision, 45 C.F.R. § 182.20.

62. Murphy Medical's unfair and deceptive acts and practices caused Cigna to process the claims and pay reimbursement to Murphy Medical. Every time Cigna paid a claim based upon

Murphy Medical unfair and deceptive acts, Cigna sustained an ascertainable loss of money or property proximately caused by Murphy Medical.

63. As a result of Murphy Medical's unfair and deceptive acts and practices, Cigna suffered ascertainable loss in an amount to be determined at trial.

**Sixth Counterclaim – Violation of Connecticut Health Insurance Fraud Act**

64. Cigna incorporates the allegations contained in the preceding paragraphs of the Counterclaims.

65. The Connecticut Health Insurance Fraud Act ("CHIFA"), C.G.S.A. § 53-440, et seq. combats intentional fraud and deceit in health insurance and implements a public policy of aggressively confronting the "ever increasing and costly problem of health insurance fraud." *Minnesota Mut. Life Ins. Co. v. Ricciardello*, 1997 WL 631027 (D. Conn. 1997).

66. Murphy Medical violated CHIFA by engaging in a pattern or practice of submitting claims for payment of benefits to Cigna with knowledge that such claims contained false, incomplete, deceptive or misleading information concerning any fact or thing material to such claim, or omitted information concerning any fact or thing material to such claim.

67. As a result of Murphy Medical's misconduct, Cigna paid sums to Murphy Medical to which it had no entitlement.

68. Pursuant to CHIFA, Cigna is entitled to recover all damages resulting from Murphy Medical' conduct in violation of CHIFA.

**PRAYER FOR RELIEF**

Based on the above, Cigna requests that the Court enter a judgment in its favor, dismissing the Complaint, and awarding the following relief:

A. recoupment of all monies paid to Murphy Medical on for COVID-related claims submitted to Cigna;

B. monetary damages for all harm suffered as a result of Murphy Medical' conduct, including investigatory costs;

C. exemplary and punitive damages;

D. pre-judgment and post-judgment interest;

E. reasonable attorneys' fees incurred;

F. costs of court; and

G. such other and further relief to which Cigna may be entitled in law or equity.

DEFENDANTS
CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,

By: *<u>/s/ Patrick W. Begos</u>*
Patrick W. Begos (ct19090)
Theodore J. Tucci (ct05249)
Milanna Datlow (ct30402)
Robinson & Cole LLP
1055 Washington Boulevard
Stamford, CT 06901
Telephone: (203) 462-7500
Fax: (203) 462-7599
*Their Attorneys*

**CERTIFICATION**

I hereby certify that on June 9, 2023, a copy of the foregoing was filed electronically, and notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

/s/ *Patrick W. Begos*
Patrick W. Begos