UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MURPHY MEDICAL ASSOCIATES, LLC;                 :
DIAGNOSTIC AND MEDICAL SPECIALISTS              :
OF GREENWICH, LLC; NORTH STAMFORD               :
MEDICAL ASSOCIATES, LLC; COASTAL                :
CONNECTICUT MEDICAL GROUP, LLC; and             :
STEVEN A.R. MURPHY, M.D.,                        :    Docket No. 20-cv-1675 (JBA)
                                                :
                                                :
                                                :
                    Plaintiffs,                 :
                                                :
        vs.                                     :
                                                :
                                                :
CIGNA HEALTH AND LIFE INSURANCE                 :
COMPANY and CONNECTICUT GENERAL                 :
LIFE INSURANCE COMPANY,                         :

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR RECONSIDERATION
OF THIS COURT'S AUGUST 30TH ORDER**


Roy W. Breitenbach, Esq.
Daniel S. Hallak, Esq.
Harris Beach, PLLC
333 Earle Ovington Blvd, Suite 901
Uniondale, NY 11553
(516) 880-8484

195 Church Street, #18
New Haven, Connecticut 06510
(203) 784-3159

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

DISCOVERY BACKGROUND ................................................................................................ 2

LEGAL STANDARD............................................................................................................... 5

ARGUMENT ......................................................................................................................... 6

    I.    PRECLUSION IS INAPPROPRIATE HERE AS DEFENDANTS HAVE NOT MET THEIR HIGH BURDEN FOR PRECLUSION OF THE CLAIMS IDENTIFIED ON EXHIBIT 4 OF CIGNA'S MOTION FOR SANCTIONS ............................................. 6

    II.   THE COURT SHOULD RECONSIDER DISMISSAL OF THE CLAIMS WITHOUT AN ASSIGNMENT BECAUSE THE CARES ACT ASSIGNED THE RIGHT TO PAYMENT FROM A PARTICULAR PLAN TO PROVIDERS THAT CONDUCT COVID-19 TESTING SERVICES ................................................................................ 8

CONCLUSION...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*,
   602 F.2d 1062 (2d Cir. 1979) ........................................................................................ 5

*Funk v. Belneftekhim*,
   861 F.3d 354 (2d Cir. 2017) .......................................................................................... 5

*Giuffre v. Maxwell, No. 15-cv-7433*,
   2020 U.S. Dist. LEXIS 33236, 2020 WL 917057 (S.D.N.Y. Feb. 26, 2020) ...................................... 6

*Griffin Indus. v. Petrojam, Ltd.*,
   72 F. Supp. 2d 365 (S.D.N.Y. 1999) ........................................................................... 5

*Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*,
   2022 U.S. Dist. LEXIS 43351 (D. Conn. Mar. 11, 2022) ......................................... 8

*Murphy Med. Assocs., LLC*,
   2022 U.S. Dist. LEXIS 43351 ....................................................................................... 9

*Murphy Medical Assocs., LLC*,
   2022 U.S. Dist. LEXIS 43351 ....................................................................................... 8

*Open MRI & Imaging of RP Vestibular Diagnostics, P.A.*,
   2022 U.S. Dist. LEXIS 89593 at *12 .......................................................................... 9

*Salahuddin v. Harris*,
   782 F.2d 1127 (2d Cir. 1986) .................................................................................... 6, 8

*Sanluis Devs., L.L.C. V. CCP Sanluis, L.L.C.*,
   556 F. Supp. 2d 329 (S.D.N.Y. 2008) ......................................................................... 5

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
   490 F.3d 130–39 (2d Cir. 2007) ................................................................................ 6, 7

*Vaigasi v. Solow Mgmt. Corp.*,
   2016 U.S. Dist. LEXIS 18460 (S.D.N.Y. Feb. 16, 2016) .......................................... 5

**Rules**

FRCP 59 ............................................................................................................... 1, 3, 5

FRCP 37 ................................................................................................................... 5-7

Local Rule 7 ............................................................................................................... 9

FRCP 16 ................................................................................................................... 6, 8

FRCP 26 ....................................................................................................................... 5

By Order dated, August 30, 2023 (ECF Doc. No. 118) (the "Order") the Court granted in part Defendants Cigna Health Life Insurance Company and Connecticut General Life Insurance Company's ("Cigna" or the "Defendants") Motion for Sanctions seeking to preclude and dismiss certain itemized claims from this action, as well as attorneys' fees for the motion. Plaintiffs, Murphy Medical Associates, LLC, Diagnostic and Medical Specialists of Greenwich, LLC, North Stamford Medical Associates, LLC, Coastal Connecticut Medical Group, LLC, and Steven A.R. Murphy, MD (collectively the "Murphy Practice" or "Plaintiffs"), submit this Memorandum of Law to seek: (1) reconsideration of the Court's order; (2) an order amending the Court's August 30, 2023 Order pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) reinstating certain itemized claims in this action for the reasons outlined below.

## INTRODUCTION

In the early, dark days of the pandemic, COVID-19 was ravaging the country, forcing businesses and this very Court to shutter its doors to prevent further transmission. Because the disease was easily spread by an infected person even before symptoms developed, any effort to contain the disease required testing as many people as possible, as quickly as possible, to identify infected persons and then providing prompt treatment and instituting safeguards to protect against further transmission of the disease. Rapid testing was needed so that infected people could quarantine themselves and not infect others.

And, while businesses, including many healthcare providers, closed their doors, the Murphy Practice remained open, set up drive and/or walk-through COVID-19 testing sites and conducted testing on more than 35,000 individuals for COVID-19 and gave them results as efficiently as possible, all the while absorbing increased operational costs and risking the health and safety of its employees.

1

In response to the claims submitted by the Murphy Practice, Cigna only reimbursed the Murphy Practice a fraction of the cost of the services the Murphy Practice provided to Cigna beneficiaries. These failures on behalf of Cigna are in violation of both state and federal law – the FFCRA, the CARES Act, ERISA and the Connecticut Surprise Billing Law.

Cigna's conduct throughout this litigation fares no better. Cigna has repeatedly thrown up roadblocks in attempt to evade liability for tens of thousands of COVID-19 testing claims conducted on Cigna beneficiaries. Relevant to this motion, Cigna filed a motion for sanctions, and attached four spreadsheets listing claims that it felt should be precluded, and dismissed from the action, due to Plaintiffs failure to provide: (1) an assignment of benefits in favor of the Murphy Practice (Begos' Decl., Exh. 2); (2) medical records supporting the underlying claim (Begos' Decl., Exh. 3); and/or (3) lab results confirming that a COVID-19 test was performed (Begos' Decl., Exh. 4). Oral argument was then scheduled for February 23, 2023 ("February 23rd Argument"). (ECF Doc. Nos. 72-74, 108). Plaintiffs have agreed to withdraw those claims listed on Exhibits 1 and 3, and is accordingly not seeking reconsideration of that portion of the Order dismissing those claims. Plaintiffs do feel that the Court erred in dismissing the itemized claims on Exhibit 2 and 16 itemized claims for which records were produced on Exhibit 4. For the following reasons, those claims should be reinstated in this action.

## DISCOVERY BACKGROUND

In December 2022, Plaintiffs former counsel produced over 100,000 pages of patient records. (Order, p. 6). During a December 20, 2022 status conference, Magistrate Judge Vatti directed Cigna to review the material provided and submit a status regarding whether the recent production has narrowed or eliminated issues raised in Cigna's motion for sanctions. (ECF Doc. No. 90). Following that conference, Plaintiffs retained the undersigned's law firm, and the

undersigned filed a notice of appearance with a consent to change attorney on December 21, 2020. Plaintiffs subsequently filed their Third Amended Complaint later that day. (ECF Doc. No. 92)

On January 27, 2023, Cigna provided its analysis regarding its review and the parties met and conferred on January 31, 2023. (ECF Doc. No. 90). Cigna then filed a status report on February 1, 2023, and the Court scheduled oral argument on Cigna's motion for sanctions for February 23rd. (ECF Doc. No. 95). At the February 23rd Argument, the Court directed Plaintiff, within thirty days, to provide Cigna with a detailed spreadsheet of the claims that Plaintiff contends are at issue with this action with corresponding bates ranges that identify each patient's records. (ECF Doc. No. 106, pp. 66-67)

Following the February 23rd Argument, in accordance with the Court's directives, Plaintiffs', on March 24th, produced an additional spreadsheet identifying the claims at issue in this action, with corresponding bates numbers for each claim's records that were part of Plaintiffs' December 2022 production. (Breitenbach Decl. ¶10; Exh. C.) In that March 24th correspondence, Plaintiffs also identified 30 patients that were included on its 2021 damages analysis and, the very next day, disclosed records for these 30 patients with an accompanying production log.  On April 28th, Plaintiffs sent Defendants' an analysis of the Cigna spreadsheets in rebuttal and invited a further dialogue. (*Id*. at ¶13; Exh. D.). The parties subsequently met and conferred and filed a Third Rule 26(f) report extending the fact discovery deadline to January 31, 2024, which was later so-ordered. (ECF Doc. No. 113).

On August 30, 2023, the Court issued a decision dismissing *all* of the claims annexed to Cigna's motion for sanctions. (Order, pp. 9-10) Since Plaintiffs have agreed to withdraw those claims listed on Exhibits 1 and 3, it is not seeking reconsideration of that portion of the Order.

(Breitenbach Decl. ¶17.) However, Plaintiffs submit that dismissal of the category of claims on Exhibits 2 and 4 were in error for the following reasons.

With respect to the claims listed on Exhibit 4,[1] since the December 2022 production, Plaintiffs have complied with its discovery obligations in good faith. As outlined above, Plaintiffs' counsel corresponded regularly with Cigna to narrow the claims at issue in this action, by categorizing all of the records in its possession for the claims Plaintiffs have not previously agreed to voluntarily withdraw.[2] (ECF Doc. No. 108, Exh. 1; Breitenbach Decl. ¶¶10-11, Exh. C.) Since these documents were produced as part of Plaintiffs' December 2022 production, and subsequently categorized by Plaintiffs and sent to Cigna on March 24th, Plaintiffs were in compliance with the Court's February 23rd directives. Accordingly, the motion for reconsideration should be granted and the 16 delineated claims listed on Exhibit 4 for which Plaintiffs have demonstrated that Cigna was provided laboratory records should be reinstated. (Breitenbach Decl., ¶¶18-19, Exh. E).

Plaintiffs further request reconsideration of the portion of the Order dismissing the claims identified on Exhibit 2 to Cigna's motion for sanctions, for failing to produce a patient assignment of benefits. (ECF Doc. No. 108, Exh. 2). Plaintiffs' basis for reconsideration is as follows: by virtue of the CARES Act's assignment to providers of the right to payment from a plan for COVID-19 testing services, the Murphy Practice has standing to assert ERISA claims irrespective of whether an assignment was executed in its favor. Accordingly, the motion for reconsideration should be granted and the claims listed on Exhibit 2 should be reinstated in the action.

---

[1] These are claims for which Cigna contends that there was no documentation of a laboratory result indicating that a COVID-19 test was performed.

[2] Plaintiff voluntarily agreed to withdraw the claims listed on Exhibit 1 to Cigna's motion for sanctions prior to the February 23rd Argument.

**LEGAL STANDARD**

To prevail on a Rule 59(e) motion to alter or amend a judgment, "the movant must [either] present factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision...[or] demonstrate the need to correct a clear error or prevent manifest injustice." *Sanluis Devs., L.L.C. V. CCP Sanluis*, L.L.C., 556 F. Supp. 2d 329, 331 (S.D.N.Y. 2008) (quoting *Griffin Indus. v. Petrojam, Ltd*., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). As shown below, Plaintiffs' claims based on an alleged failure to produce patient assignments was error. Because Plaintiffs can allege facts in support of their claims consistent with the reasoning of the Court's Order, Plaintiffs respectfully submit that these claims should be reinstated.

Under FRCP 37(a)(1), discovery is available where it is, among other factors, "proportional to the needs of the case," taking into account factors including the "parties' resources," the importance of the discovery is resolving important issues at stake in the action, and whether the "burden" of discovery "outweighs its likely benefit." *Vaigasi v. Solow Mgmt. Corp*., 2016 U.S. Dist. LEXIS 18460, *35 (S.D.N.Y. Feb. 16, 2016). A "grossly negligent" failure to obey an order compelling discovery *may* justify the severest disciplinary measures available under the rule providing for sanctions. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062 (2d Cir. 1979) (emphasis added); Fed. R. Civ. Pr. 37. The Court will most likely grant sanctions when a party willfully disregards court orders. *See Funk v. Belneftekhim,* 861 F.3d 354 (2d Cir. 2017) (the Second Circuit upheld the district court's imposition of monetary sanctions where the sanctioned party had wilfully disregarded two court orders). As shown below, dismissal of the claims listed on Exhibit 4 to Cigna's motion for an alleged failure to provide laboratory

5

records was error. Plaintiffs complied with the Court's directives at the February 23rd Argument by auditing tens of thousands of claims and hundreds of thousands of page of records to provide Cigna with itemized bates ranges for each relevant claim. Plaintiff subsequently conferred with Cigna and agreed to dismiss claims for which it did not have supporting documentation. Accordingly, the motion for reconsideration should be granted, and those claims listed on Exhibit 4 to Cigna's motion should be reinstated to the litigation.

## ARGUMENT

**I.    PRECLUSION IS INAPPROPRIATE HERE AS DEFENDANTS HAVE NOT MET THEIR HIGH BURDEN FOR PRECLUSION OF THE CLAIMS IDENTIFIED ON EXHIBIT 4 OF CIGNA'S MOTION FOR SANCTIONS**

Following the December 2022 production, and the undersigned substitution as Plaintiffs' counsel, Plaintiffs have not acted improperly in this litigation, but instead have at all times taken reasonable steps to ensure compliance with all their discovery obligations and have completed all production while seeking to save the Parties and the Court resources. Plaintiff respectfully request that this Court reconsider the Order to correct a clear error or prevent manifest injustice. *Giuffre v. Maxwell*, No. 15-cv-7433, 2020 U.S. Dist. LEXIS 33236, 2020 WL 917057, at *1 (S.D.N.Y. Feb. 26, 2020).

Sanctions under Rule 37(b) are limited to situations where a failure to comply is due to "wilfulness," "bad faith," or other "fault" of a party. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135–39 (2d Cir. 2007) (rejecting imposition of Rule 37(b) sanctions where party did not possess documents at issue). Rule 16(f) sanctions apply only where a party violated an "explicit" court order. *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986) (rejecting imposition of Rule 16(f) sanctions). Cigna has failed to show anything that Plaintiffs or their

6

counsel have done that meets these high bars. Plaintiffs' conduct has not met any of the requirements for the extreme sanction issued here and, accordingly, this Court should grant Plaintiffs' motion for reconsideration and reinstate the 16 claims for which Cigna had documentation listed on Exhibit 4 of Cigna's motion. (Breitenbach Decl. Exh. E.)

Following the status conference on December 20, 2022, Plaintiffs have complied with its discovery obligations in good faith. As outlined above, Plaintiffs' counsel corresponded regularly with Cigna to narrow the claims at issue in this action, and agreed, prior to the February 23rd Argument, to dismiss the claims listed on Exhibit 1 to Cigna's motion. (Breitenbach Decl., ¶8, Exh. B.)_Following the February 23rd Argument, Plaintiffs, in accordance with this Court's directives, auditing hundreds of thousands of medical records for the claims Plaintiffs have not previously agreed to voluntarily withdraw, categorized them into a production log and served it on Cigna's counsel. (Breitenbach Decl. ¶¶10-11, Exh. C.)

These documents were produced as part of Plaintiffs' December 2022 production, subsequently categorized by Plaintiffs new counsel, and sent to Cigna on March 24th. Put simply, Cigna has been in possession of these records since December 2022, and Plaintiffs complied with the Court's directives to categorize them in a manner for Cigna to conduct a timely review. Plaintiffs did just that and continued to work with Cigna to narrow the issues on the motion for sanctions. (Breitenbach Decl. ¶¶10-11, 13; Exh. C.)

Plaintiffs respectfully submit that it has met its burden for reconsideration with respect to the 16 delineated claims on Exhibit 4 to Cigna's motion. (Breitenbach Decl. ¶¶18-19; Exh. E.) Plaintiffs have consistently complied with all Orders of this Court and Cigna's discovery requests to the extent required, such that the court should reconsider the extreme sanction of preclusion under Rules 37 and 26(f). *See Shcherbakovskiy*, 490 F.3d at 135–39 (Rule 37 sanctions applicable

for "wilful" violation of discovery order). Rule 16(f) sanctions apply only where a party violated an "explicit" court order. *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986) (Rule 16(f) sanctions appropriate for violation of "explicit" court order).

Accordingly, Plaintiffs' respectfully submit that the motion for reconsideration be granted, and the 16 delineated claims identified on Exhibit 4 for which Cigna possessed the requisite underlying documentation since December 2022, be reinstated. (Breitenbach Decl., Exh. E.)

## II.    THE COURT SHOULD RECONSIDER DISMISSAL OF THE CLAIMS WITHOUT AN ASSIGNMENT BECAUSE THE CARES ACT ASSIGNED THE RIGHT TO PAYMENT FROM A PARTICULAR PLAN TO PROVIDERS THAT CONDUCT COVID-19 TESTING SERVICES

Plaintiffs request that the Court reconsider the portion of the Order dismissing the itemized claims listed on Exhibit 2 to Cigna' motion: patients without assignments of benefits. As this Court recognized, the express terms of FFCRA and CARES Act modified the terms of ERISA health plans to provide for COVID-19 testing and related services reimbursement at no cost to the patient. *See Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*, 2022 U.S. Dist. LEXIS 43351, *20 (D. Conn. Mar. 11, 2022) (20 ("the reimbursement obligation derives from the Coronavirus Legislation, which effectively modified the terms of ERISA plans to provide SARS-CoV-2 tests at no cost to a patient."). And, in denying Cigna's motion to dismiss based on insufficient assignments, this Court held that "[u]nder the circumstances of this case, Plaintiff's failure to plead the specific plan language or identify the individual assignor-beneficiaries does not warrant dismissal." *Murphy Medical Assocs., LLC*, 2022 U.S. Dist. LEXIS 43351, at *21.

Nevertheless, in the Order, the Court dismissed the claims for which Plaintiffs have not produced a valid assignment. Plaintiffs cannot produce assignments Plaintiff did not receive from those patients. However, Plaintiffs' requests that the Court reconsider the Order and reinstate the

8

claims listed on Exhibit 2 to Cigna's motion, because Plaintiffs can allege facts in support of their claims consistent with the reasoning of the Court's Order on Cigna' motion to dismiss the First Amended Complaint.

Congress' goal in enacting the testing provisions found in the FFCRA and the CARES Act was to remove the patient from the reimbursement chain in out-of-network situations. Consistent with this Court's ruling, by virtue of the CARES Act's assignment to providers of the right to payment from a plan for COVID-19 testing services, the Murphy Practice has standing to assert ERISA claims for reimbursement. It follows that the presence of an executed assignment in favor the Murphy Practice was obviated by the CARES Act's mandates. *See See Murphy Med. Assocs., LLC*, 2022 U.S. Dist. LEXIS 43351, at \*20; *Open MRI & Imaging of RP Vestibular Diagnostics, P.A.*, 2022 U.S. Dist. LEXIS 89593 at \*12 ("Congress explicitly required ERISA-regulated plans—expressly defined as such—to provide this COVID-related coverage. The [FFCRA], by imposing this COVID testing coverage requirement on plans as defined by ERISA, made it an ERISA requirement."). Due to the above, Plaintiffs request that this Court grant its motion for reconsideration and reinstate those claims identified on Exhibit 2 of Cigna's motion.

## CONCLUSION

For the reasons set forth above, this Court should grant the Plaintiffs' Local Rule 7(c) reconsideration motion to the extent that it determines that the claims should be properly reinstated and amend the Court's August 30, 2023 Order reinstating those claims, and for such other relief that the Court deems proper.

Dated: September 6, 2023
       New Haven, Connecticut

                                                HARRIS BEACH, PLLC
                                                *Attorneys for Plaintiffs*

                                      By: /s/ Roy W. Breitenbach
                                             Roy W. Breitenbach (Ct Juris No. 428695)
                                             RBreitenbach@HarrisBeach.com
                                             333 Earle Ovington Blvd., Suite 901
                                             Uniondale, New York 11553
                                             (516) 880-8378

                                             195 Church Street, #18
                                             New Haven, Connecticut 06510
                                             (203) 784-3159

TO:    Patrick W. Begos, Esq.
        ROBINSON & COLE, LLP
        Attorneys for Defendants
        1055 Washington Boulevard
        Stamford, Connecticut 06901

10