## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------------------------- x

MURPHY MEDICAL ASSOCIATES, LLC;       :
DIAGNOSTIC AND MEDICAL SPECIALISTS OF       :
GREENWICH, LLC; NORTH STAMFORD MEDICAL       :
ASSOCIATES, LLC; COASTAL CONNECTICUT       :       3:20-cv-01675-VAB
MEDICAL GROUP, LLC; and STEVEN A.R. MURPHY,       :
MD,       :
      :
           Plaintiffs,       :       January 23, 2026
      :
v.       :
      :
CIGNA HEALTH AND LIFE INSURANCE COMPANY       :
and CONNECTICUT GENERAL LIFE INSURANCE       :
COMPANY,       :
      :
           Defendants.       :

------------------------------------------------------------------------- x

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR RENEWED MOTION FOR SUMMARY JUDGMENT

 

Robinson & Cole LLP
1055 Washington Boulevard
Stamford, CT 06901
Tel: (203) 462-7500

*Attorneys for Defendants*

*Of Counsel*:

*Patrick W. Begos*
*Raymond J. Carta*

**TABLE OF CONTENTS**

                                                                                                                      **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.      INTRODUCTION ..................................................................................................... 1

II.     ARGUMENT............................................................................................................. 2

        A.      The Law of the Case Does Not Preclude Cigna's Renewed Motion ..................... 2

        B.      Plaintiffs Failed to Exhaust Administrative Remedies ......................................... 3

                1.      The Court should grant summary judgment on the 185 Itemized
                        Claims for which Cigna has introduced the governing plans. ................... 3

                2.      The Court should grant summary judgment on the remaining claims....... 6

        C.      Cigna Is Entitled to Summary Judgment Regarding Several Patients Who
                Were Not Covered By a Cigna Plan ...................................................................... 9

III.    CONCLUSION........................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gill v. Arab Bank, PLC*,
893 F. Supp. 2d 523 (E.D.N.Y. 2012) ..................................................................8

*Hinchey v. First Unum Life Ins. Co.*,
No. 17-cv-08034 (NSR), 2020 WL 1331898 (S.D.N.Y. Mar. 20, 2020), *aff'd*,
848 F. App'x 481 (2d Cir. 2021)..................................................................4, 8

*Montefiore Med. Ctr. v. Loc. 272 Welfare Fund*,
No. 09-cv-3096 (RA)(SN), 2018 WL 1665645 (S.D.N.Y. Feb. 20, 2018),
*report and recommendation adopted*, No. 09-cv-3096 (RA), 2018 WL
1662634 (S.D.N.Y. Apr. 3, 2018).................................................................5

*New York City Transit Auth. v. Express Scripts, Inc.*,
No. 19-cv-5196 (JMF), 2022 WL 3577426 (S.D.N.Y. Aug. 19, 2022),
*objections overruled*, No. 19-cv-5196 (JMF), 2022 WL 20056027 (S.D.N.Y.
Oct. 12, 2022) ................................................................................7, 8

*Rojas v. Cigna Health & Life Ins. Co.*,
793 F.3d 253 (2d Cir. 2015)...................................................................4

*United States v. Ahmed*,
735 F. App'x 863 (6th Cir. 2018) .............................................................7

*United States v. Delgado*,
459 F.2d 471 (2d Cir. 1972)..................................................................7

**Statutes**

Employee Retirement Income Security Act of 1974 ........................................1, 4, 6, 9

**Rules and Regulations**

Fed. R. Civ. P. 56....................................................................................3, 9

Fed. R. Evid. 406 ....................................................................................7

Fed. R. Evid. 1006 ..................................................................................6

29 C.F.R. § 2560.503-1.............................................................................4, 5

45 C.F.R. § 162.100..................................................................................4

45 C.F.R. § 162.1401-162.1403......................................................................4

## I.    INTRODUCTION

The Court should grant Cigna's renewed summary judgment motion. The law of the case does not preclude this renewed motion, because the Court expressly declined to rule on what evidence would suffice to carry Cigna's burden of proof on Plaintiffs' failure to exhaust administrative remedies.

Regarding the claims for which Cigna submitted plan documents, Cigna has plainly established the remedies that participants and beneficiaries (or those standing in their shoes) were required to exhaust before filing suit. Plaintiffs have not raised a genuine issue of fact regarding their failure to exhaust or the alleged futility of administrative appeals.

In their opposition, Plaintiffs consistently, and presumably intentionally, conflate their status, rights and obligations as an out-of-network provider communicating with Cigna, against their status, rights and obligations standing in the shoes of their patients as assignees. For example, the ERISA regulation does not mandate that Cigna include any particular information about claims in communications *with health care providers*; the regulation expressly governs only communications with plan "participants and beneficiaries," which does not include Plaintiffs. Similarly, Plaintiffs falsely assume that communications with them as part of an SIU audit of Plaintiffs' billing practices somehow eliminated the administrative appeal obligations of plan participants or beneficiaries (who were not subject to any audit).

Regarding the remaining claims, the evidence Cigna submitted with its motion is admissible and adequate evidence to establish that its standard practice is to include language requiring at least one administrative appeal in all of its ERISA-governed plans (which practice is consistent with what ERISA requires). Cigna further established that, to the extent there are variations in plan language, it is either to require additional levels of appeal before litigation, or to offer additional voluntary levels of appeal, or to give participants or beneficiaries more time (up to

1

a year) to pursue the required remedies. Because Cigna established that its ERISA-governed plans consistently required exhaustion of administrative remedies before filing suit, there is no need to review or submit hundreds or thousands of plan documents.

## II.  ARGUMENT

### A.  The Law of the Case Does Not Preclude Cigna's Renewed Motion

Plaintiffs contend that the Court's July 18, 2025 order (Doc. 168) established, as law of the case, that if Cigna wanted to renew its summary judgment motion on grounds that Plaintiffs failed to exhaust administrative remedies, it was required to "provide the relevant plan documents for all claims at issue." Plaintiffs' Brief (Doc. 183),  pp. 6-7. Not so. The order: (a) summarized alternatives for demonstrating plan language that were discussed at a status conference, Order, p. 19; (b) stated that a "proposal which does not resolve any and all issues of fact as to the relevant administrative remedies to be exhausted for every claim in this case, likely does not satisfy the level of specificity required to meet their burden for this affirmative defense, particularly if there is inconsistency between and among the exhaustion procedures for the plans at issue[,]" *id.*; and (c) then stated: "*To be clear, the Court is not and has not resolved whether any proposal contemplated by Defendants, even one discussed during the recent status conference, ECF No. 164, meets this standard*[,]" *id.* (emphasis added). The Court then denied this portion of Cigna's motion without prejudice to renewal, and did not place any restrictions on what evidence was required for renewal. *Id.*, at 20.

Thus, the Court expressly did *not* hold that any renewed motion was required to submit copies of every plan under which Plaintiffs seek benefits. Nor did the Court hold that Cigna could not renew its motion by using a lesser number of plan documents and testimony regarding Cigna's standard business practices. In short, the law of the case does not preclude the renewed motion.

**B.        Plaintiffs Failed to Exhaust Administrative Remedies**

Plaintiffs do not dispute Cigna can establish its affirmative defense by demonstrating that Plaintiffs failed to exhaust the administrative remedies provided by the plans at issue to their patients, and that having established that defense, Plaintiffs have the burden of making a clear and positive showing that any appeal would have been futile. Cigna Moving Brief (Doc. 176-33), pp. 9-10; *see also*, July 2025 Order, p. 17.

### 1.        *The Court should grant summary judgment on the 185 Itemized Claims for which Cigna has introduced the governing plans.*

Plaintiffs agree that the twenty-four benefit plans that Cigna submitted, which cover twenty-six patients and concern 185 Itemized Claims, contain language setting forth the administrative appeals process under those plans, and stating that legal action cannot be initiated until the administrative remedies are exhausted. Plaintiff's Response to Cigna's Rule 56(a)(1) Statement (Doc. 184), ¶¶ 1-30. In particular, Plaintiffs agree that each of those plans requires participants and beneficiaries to complete at least one administrative appeal within a maximum of one year before initiating legal action.

Plaintiffs have not introduced evidence that they administratively appealed any of these 185 Itemized Claims (or, indeed, any of the other Itemized Claims remaining in the action). Reply Declaration of Patrick W. Begos, ¶¶ 3-6. Indeed, Dr. Murphy *admits* that Plaintiffs "have no printable documents in our possession to establish" any appeals of those claims. *Id.* ¶ 30.

Dr. Murphy asserts that, when Plaintiffs received denials, they appealed through Cigna's appeal processes, which appeals "were primarily made either electronically, through Defendants' portal, or telephonically." Murphy Dec., ¶ 30. Dr. Murphy does not state that he submitted those alleged appeals, reviewed those alleged appeals, or otherwise had any responsibility for those alleged appeals, nor does he provide any other supporting detail regarding the assertion that

3

submitting appeals electronically eliminates any "printable documents." This "dog ate my home-work" excuse for failure to produce documents supporting Plaintiffs' contention that they ap-pealed denials is patently inadequate to raise a question of fact on this issue. (This excuse is also contradicted by their arguments that they were not told they needed to appeal, or that there were too many denied claims to appeal).

Plaintiffs next argue that appeals were unnecessary because Cigna's communications to them did not satisfy ERISA regulations. *See* Pl. Br., pp. 16-18.[1] The relevant regulation, 29 C.F.R. § 2560.503-1, does not impose requirements on communications *to a provider* of healthcare services. Specifically, section 503-1(a), which expressly defines the scope of the regu-lation, states that it applies only "to claims for benefits *by participants and beneficiaries* (herein-after referred to as claimants)." (emphasis added). There is no dispute that Plaintiffs are neither participants in nor beneficiaries of any plan. *Rojas v. Cigna Health & Life Ins. Co.,* 793 F.3d 253, 258 (2d Cir. 2015). Federal regulations encourage health care providers and health plans to use *electronic* methodology to communicate regarding claims, 45 C.F.R. § 162.100 to 162.1403; in particular, sections 162.1401 and 162.1402 provide standards for electronic transmissions of communications between providers and plans regarding the status of a health care claim.  Given those regulations, it would be improper to interpret section 503-1 as applying to communications between providers and plans. Plaintiffs have not submitted with their opposition any communications between Cigna and a participant or beneficiary that Plaintiffs contend fail to comply with 29 C.F.R. § 2560.503-1. Murphy Dec., ¶ 46, Exs. D-BB. To the extent there are communications from Cigna in those exhibits, they are almost exclusively "eRemittances" from

---

[1] It is Plaintiffs' burden to make an initial showing that any of Cigna's communications failed to comply with the governing regulation. *Hinchey v. First Unum Life Ins. Co.*, No. 17-cv-08034 (NSR), 2020 WL 1331898, at *16 (S.D.N.Y. Mar. 20, 2020), *aff'd*, 848 F. App'x 481 (2d Cir. 2021) ("a plaintiff must make the initial showing that a plan violated the DOL's regulations before shifting any burden onto the plan administrator").

Cigna to Plaintiffs detailing what if anything was being paid on a claim; Plaintiffs have not established that the content of such electronic remittances failed to comply with a regulation.

Each of the cases Plaintiffs cite on pages 15 and 16 of their brief to support their argument involves communications with a participant or beneficiary of the plan at issue. The only case Plaintiffs cite that involves a health care provider is a Magistrate's Report and Recommendation that did not address the fact that 29 C.F.R. § 2560.503-1 applies only to participants and beneficiaries, and merely assumed without discussion that the regulation applied to notice of denial of benefits sent to a provider." *Montefiore Med. Ctr. v. Loc. 272 Welfare Fund*, No. 09-cv-3096 (RA)(SN), 2018 WL 1665645, at *9 (S.D.N.Y. Feb. 20, 2018), *report and recommendation adopted*, No. 09-cv-3096 (RA), 2018 WL 1662634 (S.D.N.Y. Apr. 3, 2018). Plainly, however, that is a misreading of the plain language of the regulation.

Plaintiffs' futility argument is also unavailing. They assert that appeals would have been futile because of "flags" that Cigna placed on the claims of one Plaintiff, Murphy Medical Associates ("MMA"), following an SIU investigation. Plaintiffs submit no facts to dispute Cigna's evidence that "[n]either of Cigna's flags impacted the ability to administratively appeal denied claims. Whatever administrative appeal rights were granted by the terms of the member's health plan and/or governing law remained available." Declaration of Stephanie Canto (Doc. 157-2), ¶ 15. Indeed, an SIU investigation of a healthcare provider could not impact in any way the administrative appeal obligation of a Cigna plan participant or beneficiary who MMA treated. Cigna was investigating MMA, not any of the patients in whose shoes MMA claims to stand.

Plaintiffs also assert that the futility of a timely administrative appeal is evidenced by the fact that, in 2023 (years after the services giving rise to the Itemized Claims, and years after this litigation had been commenced), they "filed a series of hundreds of new appeals" which, they

5

claim, Cigna routinely denied. Murphy Dec., ¶ 42, Ex. C. The few documents attached show that the purported appeals were simply form letters purporting to appeal the denial of claims for services that Plaintiffs had allegedly rendered in 2020. These letters cannot establish the futility of a timely appeal.

### 2.    *The Court should grant summary judgment on the remaining claims.*

The twenty-four plans that Cigna introduced, combined with the declaration of Pamela Ley, established that Cigna's standard practice is to include in each of its ERISA-governed health plans at least the minimum administrative remedies required by ERISA (one mandatory administrative appeal), and also to state that legal action cannot be initiated unless and until the claimant has completed the required administrative appeal. Ley Declaration (Doc. 176-2), ¶¶ 6, 7. Plaintiffs do not deny this; rather, they assert only that Ms. Ley lacks foundation to make this statement. But Ms. Ley has affirmed that she based her assertions based on her "personal knowledge, and on [her] familiarity with certain files and records maintained by Cigna, including the files and records pertaining to the applicable health benefit plans and patients' records in this lawsuit[,]" and specifically asserted that she is "familiar with standard or common provisions in Cigna's health plans" due to her "job responsibilities." Ley Dec., ¶¶ 2, 6.

Plaintiffs argue that the Ley Declaration and exhibits do not provide an admissible summary of the relevant plans under Fed. R. Evid. 1006. Pl. Br., pp. 8-10. Plaintiffs' arguments are flawed. For example, though Plaintiffs argue that "[t]here is no testimony that the 24 health plan documents reviewed constitute a representative sample of all 1,200+ health plan documents at issue in this lawsuit[,]" (Pl. Br., p. 10), that is simply not true. The Ley Declaration plainly states that the twenty-four plans are representative:

> 6. As part of my duties and responsibilities, I am familiar with standard or common provisions in Cigna's health plans. Based on my personal knowledge and review of Cigna's files for this and other matters, I can state that Cigna's standard practice is to

6

include language in its ERISA-governed health plans providing at least one level of administrative appeal to members who are dissatisfied with a determination on their claim. … I do not recall reviewing a plan document that did not provide for at least one level of administrative appeal.

7. Similarly, based on my personal knowledge and review of Cigna's files for this and other matters, I can state that Cigna's standard practice is to include language in its ERISA-governed health plans stating that the member may not initiate a legal action against Cigna unless and until he has completed at least one level of administrative appeal.

This is sufficient to establish Cigna's routine practices regarding inclusion of provisions for administrative appeals in its ERISA-governed health plans. Fed. R. Evid. 406 ("Evidence of … an organization's routine practice may be admitted to prove that on a particular occasion the … organization acted in accordance with the habit or routine practice."). *See also*, *United States v. Delgado*, 459 F.2d 471, 472 (2d Cir. 1972) ("Cohen, a fruit and vegetable wholesaler, testified that it was routine practice in his business to require the delivery men to accept no checks in payment for goods unless either the customer or the employee wrote the former's name on the reverse of the check. Given this habit or custom of the business, appellant's name on the check was circumstantial evidence of negotiation by him."); *United States v. Ahmed*, 735 F. App'x 863, 867 (6th Cir. 2018) ("Ahmed seems to suggest that it was improper for the district court to rely on Jarrett's and Lee's testimony regarding their standard and customary practices during naturalization interviews because they had no recollection of him. … [T]here is no authority to support Ahmed's suggestion.").

Similarly, Plaintiffs argue that Ms. Ley did not provide sufficient "details about the nature or extent of her experience." Pl. Br., p. 10. But her proffer is consistent with that in one of the cases on which Plaintiffs rely: "In its summary judgment decision, the Court deemed the Kozlowski Charts admissible based on Kozlowski's sworn statement that he had used 'raw claims data' originally created by Express Scripts to make them." *New York City Transit Auth. v.*

7

*Express Scripts, Inc.*, No. 19-cv-5196 (JMF), 2022 WL 3577426, at *2 (S.D.N.Y. Aug. 19, 2022), *objections overruled*, No. 19-cv-5196 (JMF), 2022 WL 20056027 (S.D.N.Y. Oct. 12, 2022).[2]

Plaintiffs' assertion that Ms. Ley was required to review every plan in order for her declaration to be admissible is unsupported. For example, they claim that, in *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 523, 536 (E.D.N.Y. 2012), the summary concerned a review of all of the underlying data. Not so. *Gill* allowed testimony by an expert who summarized only 8% of the transactions at issue, after noting that the expert excluded various transactions from his review. Here, the twenty-four plans Ms. Ley reviewed and submitted pertain to about 10% of the amount Plaintiffs seek to recover.

Plaintiffs' contention that Cigna failed to make the plan documents available to them is unfounded. Plaintiffs had five years to seek production of plan documents, and failed to do so. Plaintiffs served two sets of Requests for Production, in 2021 and 2022, demanding production of 111 separate categories of documents; *none* of those requests sought production of the plans covering the patients at issue. Begos Dec., ¶¶ 7-9. Plaintiffs can only contend, vaguely, that four of the 111 requests sought "categories of documents that would have included the relevant member plan documents," Breitenbach Dec. (Doc. 186), ¶ 4. That is not accurate. Begos Dec., ¶¶ 10-11.  But even if one or more requests could be interpreted as seeking plan documents, Cigna timely objected and otherwise responded to those requests, and Plaintiffs did not contend that Cigna's production was inadequate for failure to produce plan documents. *Id.*, ¶ 12. Nor did Plaintiffs ask the Court at any time to compel production of plan documents, *id.*, even though

---

[2] Plaintiffs cite *Express Scripts* for the fact that, after summary judgment was granted, that "[n]ew evidence … reveals that Kozlowski's declaration was, at best, misleading" regarding the material he actually reviewed. *Id.* Plaintiffs do not contend that Ms. Ley's declaration is inaccurate in any respect.

Plaintiffs must prove that the benefits they seek are payable under the terms of those plans. Cigna also offered, in its renewed summary judgment motion, to make plan documents available to Plaintiffs, but Plaintiffs never requested to review any. This is sufficient to comply with the obligation that documents supporting a summary be made available. Cigna Br., pp. 14-15.

<p style="padding-left: 2em;">**C.**    **Cigna Is Entitled to Summary Judgment Regarding Several Patients Who Were Not Covered By a Cigna Plan**</p>

Plaintiffs do not dispute that they cannot maintain an ERISA claim against Cigna to recover benefits for treatment provided to patients who were not covered under a Cigna-administered plan. Cigna Br., p. 16.

Plaintiffs contend that Cigna cannot seek summary judgment on any of these claims now, because it was required to include this defense in its initial summary judgment motion. But Fed. R. Civ. P. 56 does not require that result, and the Court, having authorized a renewed summary judgment motion on a different issue, has the ability to consider this issue as well.

Plaintiffs have not attempted to raise a question of fact regarding one of these patients, and have failed to raise a genuine issue of fact regarding three other patients, Begos Dec., ¶¶ 10-14. Therefore, the Court should grant summary judgment dismissing claims 35-42, 57, and 65-70 identified in the Carta Declaration, Ex. 29.

## III.    CONCLUSION

For all of the foregoing reasons, the Court should grant Cigna's renewed summary judgment motion in its entirety, and award such other and further relief as the Court deems fair.

Respectfully submitted,

ROBINSON & COLE LLP

By:/s/ *Patrick W. Begos*
Patrick W. Begos (ct19090)
Raymond J. Carta (ct30088)
1055 Washington Boulevard
Stamford, CT 06901
Tel: (203) 462-7500
Email: pbegos@rc.com
Email: rcarta@rc.com
*Counsel for Defendants*

10

## CERTIFICATION

I hereby certify that on January 23, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Raymond J. Carta*
Raymond J. Carta

11